JAMES KELLY *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa November 29, 1893.*

1. SPECIAL ASSESSMENTS—*questions proper for a jury.* In a proceeding to confirm a special assessment made by a city, the only questions to be submitted to the jury are, whether, by the assessment returned, the property of the objector is assessed more than it will be benefited by the proposed improvement, and whether it has been assessed more or less than its proportionate share of the cost thereof.

2. Where every question raised by an objection, proper to go to the jury, is submitted by the court to the jury, and the objector is afforded an opportunity to show any and every matter legitimately affecting the

.alleged benefit to his property to accrue from the improvement, and to show that from the location of his land, its use and present means of drainage, etc., the proposed improvement would be of no benefit to his property, he will have no cause to complain that one or more of his objections were overruled.

3. SAME—*on lands not abutting on proposed improvement.* A special assessment for local improvements-is to be levied upon property bene-fited, not to exceed the special benefits conferred by the making of the improvement; and unlike special taxation, which by the statute must be upon contiguous property, special assessments may extend to lands and lots specifically benefited, whether abutting upon the im-provement or not.

4. SAME—*evidence on question of benefits.* In a proceeding to con-firm a special assessment for a sewer, the fact that the property of an ·objector is situated three-fourths of a mile from the proposed im-provement is proper to go to the jury, as tending to establish that the property will be benefited, or not, by the building of the proposed sewer. But it can not be said, as a matter of law, that because property is three-quarters of a mile from a main sewer proposed to be con-structed, no special benefit from its construction will accrue to the property. The property may, in fact, be specially benefited, or not, ·depending upon the particular circumstances shown.

5. SAME—*reversal of judgment of confirmation as to one tract of land does not affect judgment as to other lands.* The reversal of a judgment ·of the county court confirming an assessment roll, as to a party appeal-ing, will not affect the judgment of the county court as to other parties not appealing. The judgment of confirmation is, in effect, several as to the property owners, and one or more may appeal or prosecute a writ ·of error without affecting the judgment against the others.

6. PRACTICE—*waiver of objections.* Where no objection is made in the trial court to the sufficiency of an ordinance for a local improve-ment by special assessment, it can not be considered in this court on .appeal or error; and this is especially the case where the objections .are of such a character that they might have been obviated by the in-troduction of evidence in the trial court.

7. An objection to an ordinance for a local improvement that it does not set forth with sufficient certainty the nature, character and locality of the improvement, comes too late when made in this court for the ·first time.

8. BILL OF EXCEPTIONS—*presumption in favor of ruling of trial court.* Where there is no bill of exceptions containing the evidence upon which the court below acted in overruling objections to a special as-sessment, or upon which the jury rendered their verdict, it will be ;presumed that there was sufficient evidence heard to sustain the action

of the trial court. The presumption of the correctness and regularity of judicial proceedings will obtain until error therein is shown by the record.

9. JUDGMENT—*vacating same after lapse of a term.* After the lapse of the term at which a judgment is rendered the court will have no authority to set the same aside or change the record, except in obedience to the mandate of the appellate court, on a reversal. The court, after the close of the term, has no jurisdiction to vacate its judgments.

· WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Mr. W. T. BURGESS, for the plaintiffs in error.

Mr. M. W. ROBINSON, and Mr. W. E. THORN, for the defendant in error.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This is a writ of error, prosecuted to reverse the judgment of the county court of Cook county confirming a special assessment made under an ordinance of the city of Chicago, for the construction of a sewer in Belmont avenue, from the north branch of the Chicago river to the west line of Milwaukee avenue, in said city. The ordinance was passed, as appears from the petition of the city to the county court, April 28, 1890, and the commissioners then appointed to make an estimate of the cost of said improvement, returned an estimate thereof at $106,134. On the 14th day of May, 1890, the city filed its petition in the county court, setting forth said ordinance and said estimate, and praying that commissioners be appointed to apportion and assess such estimated cost upon property to be benefited thereby, etc. On the 13th day of June, 1890, said commissioners, having been appointed and qualified, made their report, apportioning $87,363.26 upon property benefited, and the residue, $18,770.74, to the city. The amount of benefits assessed upon plaintiff in error Kelly's property was $1054.92, and upon property of plaintiff in error Patterson $1140.48. Kelly and Patterson appeared and filed

objections to the assessment roll returned, as follows: "First, because their property is not benefited by said improvement; second, the sewer is not made in front of their said property, and other objections; third, the said improvement is not made contiguous to property of said objectors; fourth, that Milwaukee avenue, where said sewer terminates, is more than three-fourths of a mile east of and distant from the property of said objectors." The court overruled objections two, three and four, and treated the first as an objection to the amount of benefits assessed upon objectors' property, severally, and submitted the same to a jury, under the statute. The jury returned a verdict, as it is conceded in argument, finding that objectors' property was not assessed more than it would be benefited, or more than its proportionate share of the cost of said improvement, and judgment of confirmation of the assessment was entered accordingly.

There is in this case no bill of exceptions containing the evidence, upon which the court acted in overruling objections two, three and four, or upon which the jury rendered their verdict, and in its absence from the record it must be presumed the facts shown were sufficient to sustain the finding. The presumption of the correctness and regularity of judicial proceedings will obtain until error therein is shown by the record. No motion for a new trial, or the rulings of the court thereon, or exceptions by plaintiffs in error, or either of them, is preserved.

It is objected, however, that the court erred in overruling objections two, three and four, filed by plaintiffs in error, and in not submitting the fourth to the jury. The only question to be submitted to the jury, under the statute, is, whether, by the assessment returned, the property of the objector is assessed more than it will be benefited by the proposed improvement, and whether it has been assessed more or less than its proportionate share of the cost thereof. (Rev. Stat. sec. 31, art. 9, chap. 24; *Goodwillie* v. *Lake View,* 137 Ill. 51.) If, therefore, it could be said that the fourth objection con-

tained matter proper for the consideration of the jury, it is apparent that every question raised by it, proper to go to the jury, was submitted by the court, and plaintiffs in error afforded an opportunity to show any and every matter legitimately affecting the question of benefits to their property to accrue from the improvement, and to show, if they could, that from the location of their land, its use and present means of drainage, etc., the proposed sewer was of no benefit to their properties. (*Edwards* v. *Chicago*, 140 Ill. 440.) The plaintiffs in error were therefore in nowise prejudiced by the refusal to submit the fourth objection.

But the court did not err in overruling the second, third and fourth objections. The second and third were manifestly not well taken. The special assessment for local improvement is to be levied upon the property benefited, not to exceed the special benefits conferred by the making of the improvement, and unlike special taxation, which, by the statute, must be upon contiguous property, special assessment may extend to lands and lots specially benefited, whether abutting upon the improvement or not. Undoubtedly, as already stated, the fact that the property of plaintiffs in error was situated three-fourths of a mile from the proposed sewer, was proper to go to the jury, as tending to establish whether the property was or would be benefited by the building of the sewer as proposed, and which, as we have already seen, plaintiffs in error had the opportunity to present to the court and jury. But it can not be said, as a matter of law, that because property is three-fourths of a mile from a main sewer proposed to be constructed, no special benefit from its construction will accrue to the property. It may, in fact, be specially benefited, or not, depending upon the particular circumstances shown. Neither of said objections presented a defense to the confirmation of the assessment, and were properly overruled.

It is also urged that the ordinance is void for the reason that it does not set forth with sufficient certainty the nature,

character and locality of the improvement. A sufficient answer would be, that no objection to the sufficiency of the ordinance in this or any other respect was filed or made in the county court. That court was not called upon to pass upon or determine the question now sought to be raised, and it comes too late upon appeal. (*Hunerberg* v. *Village of Hyde Park*, 130 Ill. 161.) And especially must this be the rule when the objections are of a character that might have been obviated by the introduction of evidence in the trial court.

Upon the remandment of the *Edwards case, supra,* plaintiffs in error in this cause appeared at the July term, 1893, of said county court, and moved that court to re-instate the original cause for confirmation of the said assessment roll, and to vacate the judgment of confirmation against their (plaintiffs in error's) land, and to sustain objections theretofore filed by them, respectively. The court overruled the motion, and plaintiffs in error complain of that ruling. The case of *Edwards et al.* v. *City of Chicago, supra,* was an appeal from the judgment of the county court confirming the same assessment roll as to the assessment upon Edwards' and others' lands. Plaintiffs in error were not parties to that appeal, nor was the judgment of confirmation as to them in anywise affected by the judgment of this court reversing the judgment against the property of the appellants in that cause. The judgment is, in effect, several as to the property owners, and one or more may appeal or prosecute a writ of error without affecting the judgment against the others. There was no authority in the mandate of this court for the county court to vacate the judgment against plaintiffs in error. Without such authority it is manifest that the county court had lost jurisdiction over the judgment, and was without authority to set it aside. The final judgment of confirmation of the assessment upon the property of plaintiffs in error was rendered at the February term of that court, 1891, and the motion to vacate the judgment was not made until the July term, 1893.

Practically two years and a half had elapsed, and many terms of the county court had intervened, between the rendition of the judgment and the term at which the motion was interposed. It is so well settled that the court, after the close of the term, has no jurisdiction to vacate its judgments, that the citation of cases is unnecessary.

We find no error shown by this record for which the judgment of the county court should be reversed, and it will be affirmed.

*Judgment affirmed.*