BESSIE B. ADCOCK

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 14, 1898—Rehearing denied April 6, 1898.*

1. SPECIAL ASSESSMENTS—*what need not be recited in petition for new assessment.* Where an original assessment has been held invalid, the petition for a new assessment, filed under section 46 of article 9 of the City and Village act, (Rev. Stat. 1874, p. 239,) need not set forth how much of the original assessment had been paid or the amount remaining unpaid.

2. SAME—*petition for new assessment need not recite actual cost of improvement.* A petition for a new assessment, based on an ordinance which recites that the improvement had been fully completed prior to its passage, need not state the actual cost of the improvement, but is sufficient if it sets up that the commissioners appointed had estimated the cost and that their report had been approved.

3. SAME—*when objection that street was within park jurisdiction cannot be sustained.* An objection to the confirmation of a sidewalk assessment that the street upon which it was constructed was within the jurisdiction of park commissioners and that the city had no control thereof, cannot be sustained on appeal, in the absence of evidence showing that the park commissioners had ever taken control of the street under the Park act.

APPEAL from the County Court of Cook county; the Hon. C. F. WHEAT, Judge, presiding.

On the 7th day of April, 1892, the city council of the city of Chicago passed an ordinance for the construction of a sidewalk seven feet wide, on the south side of Sixtieth street, from Cottage Grove avenue to South Park avenue. By the ordinance three commissioners were appointed to make an estimate of the cost of the improvement. The estimate was in due time returned by but two of the commissioners signing the same, and showing the estimated cost of the proposed improvement to be $4071. Thereafter, in pursuance of said ordinance and estimate, the city of Chicago filed its petition in the county court, and the assessment was spread for the sum of $4071, ac-

cording to said estimate, and in due time confirmed by the county court. After confirmation the entire sidewalk was constructed, except 137 feet fronting property owned by one McChesney, who took an appeal from the judgment of confirmation respecting his property. Thereafter the appellant, Bessie B. Adcock, sued out a writ of error from this court, and on the 28th day of March, 1896, the judgment of the court below confirming said assessment was reversed and the cause remanded. (See *Adcock* v. *City of Chicago*, 160 Ill. 611.)

For the purpose of curing the defect in the assessment made under the ordinance, the city council, on February 15, 1897, passed another ordinance, the title of which reads substantially as follows: "An ordinance providing for a new assessment to pay for the cost of an improvement provided for by an ordinance entitled 'An ordinance for a sidewalk on the south side of Sixtieth street, from Cottage Grove avenue to South Park avenue,' passed by the city council of the city of Chicago on the 7th day of April, A. D. 1892." There was a preamble to the ordinance, in which is quoted in full the original ordinance and a detailed history of the original proceedings is recited, showing the confirmation of the first assessment; the letting of the contract by the department of public works to the contractor; the building of the walk in question; the suing out of the writ of error from the Supreme Court by the appellant herein; the reversal of the original judgment of confirmation as to the two lots belonging to the appellant, etc. The remainder of the ordinance is as follows:

"*Be it ordained by the city council of the city of Chicago:* Section 1. That the local improvement made by the city of Chicago under and by virtue of the ordinance above set out, by building a seven-foot sidewalk on the south side of Sixtieth street, from Cottage Grove to South Park avenue, in said city of Chicago, be and the same is hereby adopted and its completion in the manner actually done, ratified and confirmed by the city of Chicago.

"Sec. 2. That the said improvement is hereby declared to be a local improvement in the city of Chicago, and that the cost thereof, excluding the cost of assessing and attempting to collect the assessment under the ordinance heretofore passed by the city council of the city of Chicago on April 7, A. D. 1892, for the same, shall be defrayed by special assessment, as hereinafter provided.

"Sec. 3. That the cost and expense of the said improvement shall be defrayed by special assessment, to be made in accordance with and under the provisions of article nine (9), etc.

"Sec. 4. That the cost of so much of said improvement as has not been made by the owners of the property assessed under and by virtue of the original ordinance set out and passed by the city council   *   *   *   on the 7th day of April, A. D. 1892, be made by special assessment, to be levied on the property benefited thereby to the amount that the same may be legally assessed therefor, and the remainder of such costs to be made by general taxation, in accordance with article nine (9), etc.: *Providing, however*, that the owner or owners of any lot or piece of ground fronting on said contemplated sidewalk shall be allowed fifteen days after the time this ordinance shall take effect (in case the work is not already done under the ordinance passed on the 7th of April, A. D. 1892,) in which to construct said sidewalk opposite his land, and thereby relieve the same from assessment,—said work to be done under the superintendence of the department of public works.

"Sec. 5. That Hiram J. Jones, John S. Sheahan and Frank C. Kelsey be and they are hereby appointed commissioners to make an estimate of the cost of so much of said improvement as has not been made by said owners under and by virtue of the original ordinance above cited, passed by the city council of the city of Chicago on the 7th day of April, A. D. 1892, aforesaid, and within the time specified in this ordinance, including labor, materials

and all other expenses attending the same, and the cost of making and levying the assessment therefor.

"Sec. 6. That in all cases where the owner or owners of any lot, part or parcel of land affected by this ordinance shall have made any payment or payments on behalf of said property for the building of the sidewalk contemplated in the ordinance passed on the 7th day of April, A. D. 1892, in satisfaction of or on account of the assessment levied in said ordinance, such payment or payments shall be credited and allowed on any assessment on the same property which may be made under and by virtue of this ordinance, and the remainder, if any, only shall be confirmed as against said property.

"Sec. 7. This ordinance shall be in force from and after its passage."

The committee appointed to make an estimate of the cost of the improvement reported $4071 as their estimate. The petition praying for the assessment was then filed. Commissioners were appointed, who returned an assessment roll. Notice was given to all persons in interest of the time and place to file objections to a confirmation of the assessment, and appellant appeared and filed thirty-two objections. The court, upon hearing the evidence of the respective parties, reduced the assessment from $1121.49 to $754.90, and overruled all objections filed by appellant.

DAVID G. ROBERTSON, for appellant.

CHARLES S. THORNTON, Corporation Counsel, JOHN A. MAY, and THOMAS J. HOLMES, for appellee.

Per CURIAM: A large number of objections were interposed in the county court to the confirmation of the assessment, but we shall confine ourselves to a consideration of those pointed out and relied upon in the argument, as the others have no doubt been abandoned by counsel.

The first, second and thirteenth objections urged against the assessment are as follows:

1. "Because it is nowhere stated in the ordinance nor in the petition, nor does it appear anywhere, how much of the first or original assessment has been paid, nor what the amount of the deficiency was or is, or that the property of these objectors is delinquent, as required by law, and this court has no jurisdiction in this cause.

2. "Because said ordinance recites that the improvement in question had, prior to the passage thereof, been fully completed, and shows that the actual cost thereof should have been known to the department of public works and the city council of the petitioner, the city of Chicago, but, notwithstanding this fact, said petition recites an approximate estimate of the cost of said improvement in lieu of the actual cost thereof, as required by law.

13. "That because it is not true, as recited in said ordinance, that the contract to perform the work in accordance with the original ordinance and estimate was duly let by the proper authority to a contractor, and said work fully done and in good faith performed in accordance with said ordinance, estimate and contract, in anticipation of said assessments, but the objectors allege the fact to be that a large portion of said sidewalk has never been built, and said walk has long since been abandoned and still remains unfinished by said city of Chicago."

While it might be well, in making a new assessment where the original assessment has been set aside, to set out in the petition how much of the first assessment has been paid and the balance which remains unpaid, yet as the statute contains no such requirement and as the whole proceeding is predicated on the statute, the failure to set out such facts will not, in our opinion, vitiate the proceedings.

Paragraph 162 of chapter 24 (Starr & Curtis' Stat. p. 504,) provides: "If any assessment shall be annulled by the city council or board of trustees, or set aside by

any court, a new assessment may be made and returned, and like notice given and proceedings had as herein required in relation to the first; and all parties in interest shall have the like rights, and the city council or board of trustees and court shall perform like duties and have like power, in relation to any subsequent assessment, as are herein given in relation to the first assessment." Here the proceedings were defective because the three commissioners appointed to make an estimate of the cost of the improvement had failed to sign the report, the report being signed by only two of them. In order to cure the defect it was only necessary for the city council to pass an amendment to the original ordinance, appointing three new commissioners to estimate the cost of the improvement. Had this course been pursued, and had the petition set out the original ordinance and the amendment, and the report of the commissioners made under the amended ordinance, the petition would have been unobjectionable.

As to the second objection, the petition sets up the fact that the commissioners appointed to make an estimate of the cost of the improvement contemplated by the ordinance had made a report, estimating such cost at a certain specified sum. This, in connection with the averment that the report had been approved, may be regarded as sufficient, although petitioner may have known that the actual cost might in the end turn out to be a trifle larger or smaller than the estimate of the commissioners.

As to objection 13, the testimony introduced on the hearing failed to show an abandonment of any part of the work. On the contrary, the entire work was completed except the walk in front of the property of one objector, and that was merely suspended until the appeal of the property owner should be disposed of in this court.

Objection is made to the estimate of the costs of the improvement made by the commissioners appointed for that purpose, but upon examination it will be found that the report is sufficiently definite and contains all that is

required by the statute. In the report the commissioners state the width of the sidewalk and the number of lineal feet, and state the entire cost of labor and material, as follows:

2304.26 lineal feet of sidewalk, seven feet in width, at
$1.75 ...... ........................................$4032 45
Cost of making and levying assessment................  38 55
      Total.......... ............................$4071 00

It is also claimed that the ordinance is invalid, for the reason that the city of Chicago had no jurisdiction over that part of the street upon which the sidewalk was constructed,—that the street was within the jurisdiction and control of the South Park Commissioners. The sidewalk provided for in the ordinance runs east and west on the south side of Sixtieth street. The act of February 24, 1869, entitled "An act to provide for the location and maintenance of a park for the towns of South Chicago, Hyde Park and Lake," designates the north line of Sixtieth street as the south boundary line of Washington Park. The designation in section 4 of the act of the south boundary line of the park is as follows: "Thence north on the east line of Hyde Park avenue to the north line of Sixtieth street, so called; thence west on the north line of Sixtieth street, so called, to Kankakee avenue." From the boundaries thus given, the land upon which the sidewalk was ordered constructed does not seem to be within the jurisdiction of the park commissioners; but if it were, the position of counsel could not be maintained, for the reason the evidence introduced failed to show that the park commissioners had taken possession and control of the street under the Park act. So long as the street remained within the control and management of the city of Chicago, the city had the right to make such improvements upon the street as in its judgment was thought best.

The judgment of the county court will be affirmed.

                         *Judgment affirmed.*