NATHAN PHELPS *et al.*

*v.*

THE CITY OF MATTOON.

*Opinion filed December 21, 1898.*

1. SPECIAL ASSESSMENTS—*court cannot change number of installments fixed by ordinance.*  The county court has no power to provide that an assessment be paid in fewer installments than as fixed by the ordinance.  (*Michael* v. *City of Mattoon,* 172 Ill. 394, followed.)

2. SAME—*commissioners appointed to make estimate must act together.* It is a valid objection in a direct proceeding to review a confirmation judgment, that the report of the commissioners appointed to estimate the cost is signed by two members only, with nothing to indicate that the third took any part in making the estimate.

3. RES JUDICATA—*to constitute res judicata the parties, subject matter and cause of action must be identical.*  A former judgment by a reviewing tribunal is final as to the questions actually determined and those properly involved which might have been raised and determined, if it appears that the parties, subject matter, and cause of action in the subsequent proceeding are the same as in the former.

4. SAME—*when affirmance of confirmation is not res judicata.*  The affirmance of a confirmation judgment for the reason that the record failed to show that part of the parties had any interest, or as to what particular tracts of land a reversal was asked, is not *res judicata* as to a subsequent proceeding by the same parties on a record showing their interests and the particular tracts of land affected.

WRIT OF ERROR to the County Court of Coles county; the Hon. S. S. ANDERSON, Judge, presiding.

D. T. McINTYRE, for plaintiffs in error.

JAMES W. CRAIG, and JOHN F. VOIGT, Jr., for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Coles county entered judgment by default confirming a special assessment levied by the city of Mattoon for the paving and draining of C street.

The ordinance divided the assessment into seven yearly installments, but the court, by its judgment, di-

vided it into five installments, in the same manner as in the judgment reversed in the case of *Michael* v. *City of Mattoon,* 172 Ill. 394. This judgment was therefore erroneous for the reasons given in that case. In addition to that error, the report of the committee appointed by the ordinance to estimate the cost of the improvement was signed by two members only, and it does not appear that the other member of the committee took any part in making the estimate. The committee consisted of C. G. Peck, C. C. Robinson and M. B. Fitch, and the report, a copy of which was annexed to the petition, was signed by C. G. Peck and M. B. Fitch only. A valid report of the committee is a prerequisite to a valid judgment, and as the third member took no part in the proceeding the report was insufficient, and on that ground the judgment cannot be sustained. *Adcock* v. *City of Chicago,* 160 Ill. 611; *Moore* v. *City of Mattoon,* 163 id. 622; *Markley* v. *City of Chicago,* 170 id. 358.

Defendant in error relies upon a former adjudication between the same parties of the cause of action involved in this writ of error. It appears from the records of this court that nearly all of the plaintiffs in error who have sued out the writ in this case were also plaintiffs in error in the case of *Gibler* v. *City of Mattoon,* 167 Ill. 18, in which the judgment was affirmed. If it appears from the record that the parties are identical and the subject matter of the litigation the same, then the former judgment of affirmance is conclusive, and plaintiffs in error are not entitled to re-open the controversy. And this is true not only as to what was actually determined, but as to all questions that were properly involved and which might have been raised and determined in that case. There is identity in parties as to the defendant in error and those plaintiffs in error who prosecuted the writ in the former case, but it is equally essential that the cause of action shall be identical. (*Miller* v. *McManis,* 57 Ill. 126.) The record does not show that such is the case. A judgment

of this kind is several as to each tract or parcel of land in the assessment roll, and in the former case there was nothing in the record to show that ten of the plaintiffs in error had any interest in any tract against which judgment was rendered, or that they were parties to the proceeding or injured by the judgment. As to the others, it did not appear as to what property the writ of error was taken or as to what tract or tracts a reversal was asked. The record did not disclose the cause of action, and the judgment was affirmed for that reason. That judgment of affirmance, therefore, did not affect the particular tracts of land now involved in the record. It did not affirm the judgment as to the assessment roll generally, nor as to any tract, because no tract was identified by the record.

The doctrine of *res judicata* does not apply, and for the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*