THE CITY OF CHICAGO

*v.*

CLINTON B. CARPENTER *et al.*

*Opinion filed February 18, 1903.*

1. PARKS—*right of legislature to transfer jurisdiction over streets from city to park board.* If private rights are not violated, the legislature has power to transfer from the city authorities to park boards jurisdiction over streets adjoining parks and to empower such board to improve the same.

2. SAME—*city has no power over street adjoining park if park board has assumed jurisdiction.* Under section 5 of the supplemental Park act of 1869 a city has no power, by special assessment or otherwise, to improve a street running longitudinally along and adjoining a park, if the park board has assumed jurisdiction thereof.

3. SAME—*what acts by park board evidence assumption of jurisdiction.* The acts of park commissioners in constructing a curb on one side of a street longitudinally adjoining the park, building a concrete walk and constructing catch-basins, are evidence of the assumption by the park board of jurisdiction and control over the street, notwithstanding the improvements are all on one side thereof.

4. SAME—*when improvements will be presumed to have been made by park board in exercise of its power.* In the absence of evidence that the improvements by a park board were made with the consent of the city the presumption is that they were made and paid for by

the board in the exercise of its powers conferred by law, and not of its own wrong or as an abutting owner.

5. SAME—*when city is estopped to deny jurisdiction of park board.*   A city is estopped to deny jurisdiction of a park board over a street, longitudinally, adjoining a park, where it made no objection to the improvements made upon such street by the board.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is a proceeding in the county court of Cook county for the confirmation of a special assessment to pay for curbing, grading and paving the east half of Cottage Grove avenue, from Drexel square to the center of Fifty-ninth street, in the city of Chicago. The appellees appeared and filed the following objection to confirmation: "The jurisdiction and control of the street proposed to be improved and for which said assessment is levied is vested by law in corporate authorities other than the petitioner herein, and the said petitioner has no right nor authority, in law, to make the proposed improvement, by special assessment or otherwise." The court sustained the objection and dismissed the petition, and the city has prosecuted an appeal to this court.

The respective parties agreed to submit the case, and the same was heard upon the following stipulation:

"This cause coming on for trial, it is hereby stipulated and agreed by and between the petitioner and the objectors herein, by their attorneys, that the following facts may be taken as true:

"(1) That on the 10th day of June, A. D. 1901, the city council of the city of Chicago passed an ordinance providing that the east half of Cottage Grove avenue, from the south line of Drexel square to a line thirty-three feet south of the north line of Fifty-ninth street, be curbed, graded, and paved with asphalt, pursuant to a recommendation of the board of local improvements, a copy of which ordinance is attached hereto and made a part of this record.

"(2) That the portion of the roadway proposed to be improved in this street is not, and never has been, improved or paved.

"(3) That Cottage Grove avenue, the east half of which is proposed to be paved, is a street running longitudinally along South Park, as contemplated by the act of 1869 creating said park and the board of South Park commissioners, and the various amendments to said act.

"(4) That said South Park is under the jurisdiction of the board of South Park commissioners, and the property of the objectors herein has been assessed and has paid said assessment levied under the authority of the act of 1869, and the amendments thereto, for the acquiring and improving of lands for said South Park.

"(5) That the said board of South Park commissioners has constructed a curb wall on the west side of the roadway of Cottage Grove avenue, along that portion of the street from the south line of Drexel square to a line thirty-three (33) feet south of the north line of Fifty-ninth street; that it has also put down a granite concrete walk on the west side of Cottage Grove avenue, between the same points; that it has also built sixteen (16) catch-basins in the west half of said Cottage Grove avenue between the points hereinbefore mentioned; that all of the foregoing improvements were made by said board of South Park commissioners and paid for by it out of the park funds in its hands.

"(6) That the improvements made by said board of South Park commissioners on Cottage Grove avenue, between the points aforesaid, have been confined entirely to the west half of said street.

"(7) That the said board of South Park commissioners have never passed any resolution assuming jurisdiction of the said street unless under the general resolution assuming jurisdiction of the South Park system, nor performed any other acts in regard to said street than those mentioned in paragraphs 5 and 6, *supra*.

"(8) That the acts of the legislature of the State of Illinois creating the board of South Park commissioners, and the various amendments thereto, may be considered in evidence without being formally read into the record, and that the court may take notice of the same as if herein set forth *verbatim.*"

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellant:

Section 5 of the act of April 16, 1869, vesting certain powers in the park commissioners over streets running longitudinally along public parks, does not operate to divest jurisdiction over said street from the city and vest it in the commissioners against the will of both municipal authorities. The act is permissive, only, and until the municipal authorities have assented to the transfer of jurisdiction it is not operative. *Kreigh* v. *Chicago,* 86 Ill. 407; *People* v. *Walsh,* 96 id. 232; *McCormick* v. *South Park Comrs.* 150 id. 516.

PENCE & CARPENTER, ROBERT S. COOK, GEORGE A. MASON, HUFF & COOK, and WILLIS SMITH, for appellees:

The street sought to be improved is not within the jurisdiction and control of the city for the purposes of this improvement. The power and control over that street are vested by statute in the board of park commissioners. 1 Private Laws of 1869, p. 358; id. p. 366; *People* v. *Salomon,* 51 Ill. 52.

The board of South Park commissioners, acting by virtue of the power granted by the act of 1869 and the amendment thereto, has assumed control and jurisdiction over the street in question. *Railway Co.* v. *Park Comrs.* 151 Ill. 204; *Park Comrs.* v. *Sweet,* 167 id. 326; *Aldis* v. *Park Comrs.* 171 id. 424.

The legislature can take control of public streets and highways from one municipal body and place it in another. A municipality can acquire no vested right in the

management and control of the streets within its boundaries. Cooley's Const. Lim. (5th ed.) 220; *People* v. *Kerr*, 27 N. Y. 188; 2 Dillon on Mun. Corp. sec. 656; *Chicago* v. *Rumsey*, 87 Ill. 348; *People* v. *Pinckney*, 32 N. Y. 393; *Trustees of Schools* v. *Tatman*, 13 Ill. 27; *Ottawa* v. *Walker*, 21 id. 605; *People* v. *Walsh*, 96 id. 250; *Chicago* v. *Building Ass.* 102 id. 379; *McCartney* v. *Railway Co.* 112 id. 611; *Park Comrs.* v. *McMullen*, 134 id. 170; *Smith* v. *McDowell*, 148 id. 51; *Lumber Co.* v. *Cicero*, 176 id. 21.

Mr. JUSTICE HAND delivered the opinion of the court:

Section 5 of the Supplemental Park act, approved April 16, 1869, (1 Private Laws of 1869,) is as follows:

"Sec. 5. The commissioners to be appointed under said act are hereby vested with the same powers and duties as are conferred by said act in relation to lands designated for parks, over all streets running longitudinally along and adjoining any and all of the proposed parks, or strips of land designated in said original act, as are conferred by said act in relation to such parks and strips of land, as may be necessary to improve and keep in repair the same, in connection with the said parks or strips of land without obstructing the fences or other structures, free access to the said streets from existing roads and streets, and by owners of land abutting on the same."

The avenue sought to be improved runs longitudinally along and adjoining the east boundary of Washington Park, and the question to be decided is, whether the jurisdiction over and the right to improve said avenue rests in the city of Chicago or in the board of South Park commissioners. In our opinion, in view of the section of the Park act above set out and the stipulation contained in the statement of facts preceding this opinion, it must be held that the board of South Park commissioners has jurisdiction over and the right to improve said avenue, and that the city of Chicago is powerless to make such improvement by special assessment or other-

wise. It seems clear from the repeated decisions of this court that the legislature, where private rights will not be violated, has power to transfer the jurisdiction over streets and avenues situated similarly to this avenue, from the city of Chicago to the park commissioners, and empower said commissioners to improve the same, and that section 5 was passed with the view to transfer the jurisdiction and control over all streets and avenues running longitudinally along and adjoining the parks controlled by said park commissioners, to the extent that they should assume jurisdiction and control over the same, to them. (*People* v. *Walsh,* 96 Ill. 232; *West Chicago Park Comrs.* v. *McMullen,* 134 id. 170; *McCormick* v. *South Park Comrs.* 150 id. 516.) In *People* v. *Walsh, supra,* on page 249 it is said: "In cases of property dedicated to public uses there are, most usually, two classes of interests affected: one that of the public generally, and the other that of private parties. * * * The legislature represents the public. So far as concerns the public, it may authorize one use to-day and another and different use to-morrow. If the new use affects private rights, proceedings for condemnation may have to be invoked, but so far as it affects the public alone, its representative, in the absence of constitutional restraint, may do as it pleases." And in *McCormick* v. *South Park Comrs. supra,* on page 525 the court say: "Regardless of where the fee in the street might, in such case, be found ultimately to be lodged, the power of the legislature, where private right will not be violated, to change the possession and control of the trust, cannot be questioned."

In *Adcock* v. *City of Chicago,* 172 Ill. 24, it was held that an objection to the confirmation of a special assessment, to the effect that the street upon which the proposed improvement was about to be constructed, was within the jurisdiction of the park commissioners and that the city had no control thereof, cannot be sustained in the absence of evidence that the park commissioners had taken

control of the street under the Park act, and the question is presented here whether or not the evidence in this case shows that the park commissioners have assumed control over the avenue sought to be improved. The evidence upon that question is contained in the fifth and sixth paragraphs of the stipulation entered into by the parties. In making public improvements the law does not recognize the east half or the west half of a street, and it seems clear that the acts of the park commissioners in constructing a curb wall on the west side of the roadway of the avenue for the distance sought to be improved, in putting down a granite concrete sidewalk upon the west line of said avenue, and in constructing sixteen catch-basins in the west half of the avenue for the same distance, is strong evidence of the assumption of jurisdiction and control over said avenue by the park commissioners by virtue of the powers conferred upon them by the terms of section 5 of said supplemental act. There is no evidence in this record that the improvements referred to were made with the city's consent, and without such proof we think the presumption is they were constructed and paid for by the park commissioners by virtue of the powers conferred upon them by law, and not of their own wrong or as abutting owner, and the improvements having been made without interference on the part of the city, it is estopped to deny the jurisdiction and control of the park commissioners over said avenue. *Chicago and Northwestern Railway Co.* v. *West Chicago Park Comrs.* 151 Ill. 204; *West Chicago Park Comrs.* v. *Sweet,* 167 id. 326; *Aldis* v. *South Park Comrs.* 171 id. 424.

The park commissioners having assumed jurisdiction and control over the part of Gottage Grove avenue which adjoins the park system, the Park act confers upon them ample power to improve the same. *McCormick* v. *South Park Comrs. supra.*

The judgment of the county court will be affirmed.

*Judgment affirmed.*