SIDNEY GOLDSTEIN *et al.*

*v.*

THE VILLAGE OF MILFORD.

*Opinion filed February 21, 1905—Rehearing denied April 6, 1905.*

1. SPECIAL ASSESSMENTS—*when want of jurisdiction must appear on face of record.* Want of jurisdiction to render a judgment of confirmation of a special assessment must, where the question arises upon application for judgment of sale of the assessed property, appear upon the face of the record to be available as a defense, and cannot be shown *aliunde.*

2. SAME—*how far want of property owners' petition affects the judgment.* Want of proper petition of property owners for an improvement to be paid for by special assessment, though effective in a direct appeal from the confirmation judgment, if proper objection was interposed, is not available on application for judgment of sale to satisfy the assessment.

3. SAME—*when confirmation judgment is defective but not void.* A judgment of confirmation entered over objection, without a valid petition of property owners, though vulnerable to a direct attack is not absolutely void, and after the term at which it was entered has expired the trial court may refuse to set such judgment aside on motion.

4. EVIDENCE—*when record of case where ordinance was held invalid is not admissible.* The reversal of a confirmation judgment

has no effect upon the judgment as to other property the owners of which did not appeal, and the record of the appealed case is not admissible, upon an application for judgment of sale against the other property, for the purpose of showing that the ordinance was held invalid by the Supreme Court in that case.

APPEAL from the County Court of Iroquois county; the Hon. FRANK HARRY, Judge, presiding.

On October 29, 1902, the county court of Iroquois county entered a judgment confirming a special assessment for the cost of paving and curbing Jones street and other streets, in the village of Milford. At the June term, 1904, of the same court the county collector made application for judgment and order of sale for delinquent installments of that special assessment. Some of the appellants made a motion to vacate the original judgment of confirmation, which motion was overruled. Others filed objections that no petition signed by a majority of the property owners along the line of said improvement was ever presented to the board of local improvements of the said village prior to the passage of ordinance No. 187, which was the basis of the assessment, and that for want of such petition no valid ordinance was ever passed; that the absence of this ordinance was proven before the court before the judgment of confirmation was entered, and that the judgment as entered was one judgment; that ordinance No. 187, which was the basis of the judgment, had been declared void by this court in the case of *Vennum* v. *Village of Milford,* 202 Ill. 423; that sufficient notice of the application for the judgment of confirmation was not made so as to give the court jurisdiction of the parties, and the court had no jurisdiction of the subject matter for want of an ordinance; that the ordinance divided the assessment into ten installments, with interest at five per cent, without authority of law; that the reversal of the order in the *Vennum case* was filed in the county court on June 6, 1903, showing that the ordinance was invalid; that the assessment in many

214—34

cases was made jointly where property was held severally, and that many of the pieces of property were not properly described. All of these objections were overruled and judgment and order of sale entered. From this judgment an appeal has been prosecuted to this court.

ROBERT DOYLE, for appellants.

McCLELLAN KAY, and MORRIS & HOOPER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The record shows that on June 23, 1902, a petition of the property owners owning a majority of the frontage along the line of the proposed improvement was presented to the board of local improvements and various steps were taken, as required by statute, for the levy of the assessment, but on August 11, 1902, the court sustained certain objections which had been filed to the application for a judgment of confirmation and the petition was dismissed at the cost of petitioners. On the same date, August 11, 1902, the original petition of the property owners was withdrawn from the files of the county court and re-filed with the board of local improvements. Resolutions, estimates and an ordinance were again passed, based upon said petition, and application was again made to the county court for the confirmation of the assessment. Objections were again filed, and on September 26, 1902, the court sustained the same and the petition was again dismissed. On the same date the petition of the property owners was again withdrawn and filed with the board of local improvements, and resolutions, estimates and another ordinance passed and assessment levied and application made to the court for the confirmation of the same. Objections were filed thereto, which were overruled on October 29, 1902, and a judgment of confirmation duly entered. From that judgment one of the objectors, Gilbert Vennum, prosecuted an appeal to this court, and the judgment was reversed. (202 Ill. 423.)

The principal contention of counsel for appellants is, that the ordinance which was the basis of the assessment was void for the want of a sufficient petition of property owners, as required by the statute. The assessment was levied under authority of an act entitled "An act concerning local improvements," approved June 14, 1897, and acts amendatory thereto, as found in Hurd's Statutes of 1903. (Chap. 24, secs. 507-605.) The village of Milford has a population of less than 10,000, and under the provisions of section 510 an ordinance for the improvement of its streets could not be adopted unless the owners of at least one-half of the property abutting on the line of the proposed improvement, and also a majority of the resident property owners affected by the improvement, had petitioned for the same. If the question as to the sufficiency of the ordinance as based upon the petition had been raised by direct appeal from the judgment of confirmation, as was done in the *Vennum case,* there could be no question that the judgment would have to be reversed, but the objections here urged were filed upon the application of the county collector for judgment and order of sale for delinquent installments,—a proceeding collateral to the judgment of confirmation. Section 572 provides that, pending application for judgment, "no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment or the application for the confirmation thereof, and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for." This statute has been applied by this court in many cases and is manifestly applicable to the facts in this case. (*Lyman* v. *City of Chicago,* 211 Ill. 209; *Gage* v. *People,* 207 id. 61.) Upon such applications all questions affecting the jurisdiction of the court to enter the judgment of confirmation may be urged, and we have held, whenever the question has been raised, that the lack of jurisdiction must appear upon the face of the record.

. (*Thompson* v. *People,* 207 Ill. 334; *Walker* v. *People,* 202 id. 34.) The want of jurisdiction did not appear upon the face of the record in this case, but appellants sought to show it by extrinsic evidence. This they could not do, and the court properly so held.

It is next insisted by appellants that because the ordinance on which the assessment in question is based has been held invalid by this court in the *Vennum case* it must be invalid in this case, and upon the hearing they sought to offer in evidence the record in the *Vennum case.* The court sustained an objection to the evidence, and this ruling is assigned as error. Section 562 provides, with reference to judgments of confirmation, as follows: "Such judgment shall have the effect of several judgments as to each tract or parcel of land assessed, and no appeal from any such judgment or writ of error shall invalidate or delay the judgments except as to the property concerning which the appeal or writ of error is taken." We have applied this statute in the following and other cases: *Kelly* v. *City of Chicago,* 148 Ill. 90; *Phelps* v. *City of Mattoon,* 177 id. 169; *City of Chicago* v. *Nodeck,* 202 id. 257.) The reversal of the judgment of confirmation upon direct appeal had no effect whatever upon the judgment of confirmation rendered by the court on the various pieces of property from which there was no appeal, and the court committed no error in refusing to admit in evidence the record in said *Vennum case.*

The judgment of confirmation was not void, although it might have been set aside on appeal or error. The term at which it was entered had expired, and the court did not err in overruling the motion to vacate it.

All of the objections filed to the application for judgment and order of sale were attempted collateral attacks upon the judgment of confirmation, and were properly overruled.

The judgment of the county court will be affirmed.

*Judgment affirmed,*