THE CITY OF CHICAGO, Appellant, *vs.* C. W. PARTRIDGE, Appellee.

*Opinion filed February 25, 1911.*

1. RES JUDICATA—*what is essential to render a former adjudication an absolute bar.* To render a former adjudication an absolute bar to a subsequent action there must be, as between the two actions, identity of parties, of subject matter and cause of action.

2. SAME—*there must be identity of parties to give rise to an estoppel by verdict.* The rule of estoppel by verdict, whereby some controlling fact or matter material to the determination of a case which has been adjudicated by a court of competent jurisdiction is held to be conclusive in a subsequent action when the same fact or matter is again in issue, is not dependent upon whether the cause of action is the same in both actions, but does require that both actions be between the same parties or persons in privity with or represented by them.

3. SPECIAL ASSESSMENTS—*judgments in special assessment proceeding are several as to each tract of land.* The judgments in a special assessment proceeding are several as to each tract of land, and hence the owner of one tract against which the judgment was confirmed but afterwards vacated on motion of the city cannot set up as a bar to a subsequent assessment by the city a judgment dismissing the petition as against another tract of land owned by a different person, even though the latter judgment was affirmed by the Supreme Court upon the ground that the city had no jurisdiction over the street.

4. SAME—*when special assessment judgment is not res judicata as to city's jurisdiction over street.* A judgment dismissing a special assessment proceeding as against the lands of an objector upon the ground that the street to be improved was not within the jurisdiction of the petitioning city but was within the exclusive jurisdiction of a certain park board is not, even though affirmed by the Supreme Court, *res judicata* of the question of such jurisdiction as against all persons, where the park board was not a party to the proceeding.

5. SAME—*extent to which special assessment proceeding is a proceeding in rem.* A special assessment proceeding is a proceeding *in rem* for the reason that a personal judgment cannot be entered, but the *res* is the particular property against which the assessment is sought and not the street to be improved, and hence judgments confirming the assessment against lands not objected for and dismissing the petition as to lands for which objections were made are, respectively, conclusive only as to the particular lands against or in favor of which the judgments are entered.

CARTWRIGHT, HAND and CARTER, JJ., dissenting.

APPEAL from the County Court of Cook county; the Hon. WILLIAM L. POND, Judge, presiding.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

WILLIAM J. DONLIN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellant, the city of Chicago, filed its petition in the county court of Cook county praying that steps be taken to levy a special assessment for paving with creosoted wooden blocks Cottage Grove avenue from Fifty-first street to Fifty-ninth street, in the city of Chicago, in accordance with the provisions of an ordinance of the city of Chicago passed July 1, 1907. Proceedings were had in said cause which resulted in the making and filing of an assessment roll showing an assessment of benefits against the property of appellee, C. W. Partridge, on account of the proposed im-

provement. Appellee interposed numerous objections to the confirmation of the assessment against his property, but upon the hearing in the county court relied solely upon the following objection: That in a former proceeding in the county court of Cook county for the paving of Cottage Grove avenue from Drexel square to the center of Fifty-ninth street, wherein objections were filed as to certain property other than that of appellee, the objections were sustained and the petition was dismissed on August 4, 1902, for the reason that the city of Chicago had no jurisdiction over Cottage Grove avenue between Drexel square and the center of Fifty-ninth street for the purpose of making such improvement, and that such jurisdiction was vested exclusively in the board of South Park Commissioners; that upon appeal from the order dismissing said petition this court affirmed the finding and judgment of the county court; that thereafter, on March 31, 1903, the mandate of this court was filed in the county court, and on November 7, 1904, all orders entered in said proceeding were vacated and set aside and the petition dismissed. A hearing before the court upon this objection resulted in a judgment sustaining the objection and dismissing the petition as to appellee's property, from which judgment the city of Chicago has appealed to this court.

The evidence introduced by appellee in support of his objection consisted of the record of the former proceedings, and showed that in 1902 the city of Chicago filed its petition in the county court of Cook county praying that steps be taken to pave the east half of Cottage Grove avenue from Drexel square to the center of Fifty-ninth street, in accordance with the provisions of an ordinance of the city of Chicago; that an assessment of benefits was made and confirmed in that proceeding against the property of appellee and other property on the east side of Cottage Grove avenue, the judgment of confirmation against the appellee's property having been rendered upon default; that certain

property owners other than appellee interposed objections in that proceeding to the confirmation of the assessment against their lands; that these objections were heard upon a stipulation of facts, which stipulation is set out in the statement preceding the opinion in the case of *City of Chicago* v. *Carpenter,* 201 Ill. 402; that the objections were sustained on the ground that it appeared from the stipulation and from section 5 of the Supplemental Park act, approved April 16, 1869, (1 Private Laws of 1869) that the city of Chicago had no jurisdiction over that portion of Cottage Grove avenue sought to be improved, for the purpose of making the improvements specified in the ordinance under which that proceeding was instituted, but that such jurisdiction was vested exclusively in the board of South Park Commissioners, and the petition was dismissed as to the property of the objectors in that proceeding; that the city of Chicago prosecuted an appeal from the judgment sustaining objections and dismissing the petition to this court, and that the judgment of the county court was affirmed; (*City of Chicago* v. *Carpenter, supra;*) that the mandate of this court affirming the judgment was filed in the county court, and that on November 7, 1904, all orders entered in the proceeding were vacated and set aside and said petition dismissed.

In rebuttal of the evidence introduced by appellee showing the former proceeding in the county court, appellant offered evidence showing that the board of South Park Commissioners had never assumed or exercised any jurisdiction over Cottage Grove avenue from Fifty-first street to Fifty-ninth street, and that the improvements made by the board of South Park Commissioners upon the west half of Cottage Grove avenue between those streets, as detailed in the stipulation in the former proceeding, were all made by the board of South Park Commissioners as owner of abutting property, under permission granted by the city of Chicago, and not in the exercise of jurisdiction over Cot-

tage Grove avenue. Evidence in rebuttal was also offered by appellant showing that the city of Chicago had, both before and since the hearing in the former proceeding above mentioned, exercised exclusive jurisdiction for all purposes of municipal government and control over that portion of Cottage Grove avenue involved in this cause. Upon motion of appellee the court excluded all the evidence offered by appellant in rebuttal.

The only question presented for our determination is whether the judgment in the former proceeding is a bar to an assessment against appellee's property in this proceeding, appellee contending that by reason of such judgment it became *res judicata,* as between appellant and all owners of property on the east side of Cottage Grove avenue between Fifty-first street and Fifty-ninth street, that appellant had no jurisdiction over Cottage Grove avenue between those streets for the purpose of making the proposed improvement, and appellant contending that the question of jurisdiction is not *res judicata* as between the city and appellee, as the owner of property on the east side of Cottage Grove avenue between the streets above mentioned, because appellee was not one of the objecting property owners in the former proceeding, but the assessment against his property was confirmed and the judgment of confirmation was afterwards vacated and the proceedings dismissed by the city under the authority conferred upon it by section 56 of the Local Improvement act, and there was therefore no judgment in the former proceeding in favor of or against appellee determining the question of jurisdiction over Cottage Grove avenue.

The doctrine of *res judicata,* as announced in numerous decisions of this court, is based upon the fundamental principle that "a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the

same parties where the same question or questions arise, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication." (*Hanna* v. *Read,* 102 Ill. 596; *Attorney General* v. *Chicago and Evanston Railroad Co.* 112 id. 520; *Wright* v. *Griffey,* 147 id. 496; *Hanna* v. *Drovers' Nat. Bank,* 194 id. 252; *In re Estate of Stahl,* 227 id. 529.) Where the former adjudication is relied upon as an absolute bar, technically known as an estoppel by judgment, there must be, as between the two actions, identity of parties, of subject matter and cause of action; (*Wright* v. *Griffey, supra; Leopold* v. *City of Chicago,* 150 Ill. 568; *Markley* v. *People,* 171 id. 260; *Chicago Theological Seminary* v. *People,* 189 id. 439;) but where some controlling fact or matter material to the determination of both causes has been adjudicated in a former proceeding in a court of competent jurisdiction and the same fact or matter is again at issue between the same parties, the adjudication of the fact or matter in the first suit will, if properly presented, be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits or not. This is generally denominated estoppel by verdict. (*Wright* v. *Griffey, supra; Leopold* v. *City of Chicago, supra; Brack* v. *Boyd,* 211 Ill. 290.) From the statement of the rule as to estoppel by verdict, as announced in the cases above cited and in other cases decided by this court, as well as from the fundamental principle upon which the doctrine of *res judicata* is based, it is evident that where an adjudication in a former action is relied upon as conclusively determining some controlling fact or matter arising in a subsequent action, it is indispensable that such fact or matter be involved in the determination of the issues between the same parties or their privies, in both actions. Therefore, whether appellee's objection be considered as setting up an estoppel by judgment or an estoppel by verdict, in order to sustain his objection it was incumbent upon

him to show a judgment rendered in a cause in which some matter or fact then in issue between appellee and the city of Chicago was determined adversely to the city, and that such matter or fact is material to the determination of this cause.

In the former proceeding for the improvement of the east half of Cottage Grove avenue between Drexel square and Fifty-ninth street two distinct judgment orders were entered,—one confirming the assessments against the lands owned by appellee and others not objecting, and the other sustaining an objection and dismissing the petition as to the lands owned by the objectors therein on the ground that the city of Chicago had no jurisdiction over the street for the purpose of making the proposed improvement. It is the latter, and not the former, of these judgment orders that appellee relies upon as constituting an adjudication that the city has no jurisdiction over the street for the purpose of improving the same. That judgment order, however, did not determine any issue between appellee and the city of Chicago in the former proceeding. The judgment order confirming the assessment against the appellee's lands constituted the adjudication upon the issues between appellee and the city in that proceeding, and, instead of being adverse to the city, was an adjudication in favor of the city upon all questions arising in the cause, including the question of jurisdiction over Cottage Grove avenue to make the improvement contemplated in that proceeding. That appellee cannot set up the judgment in the former proceeding sustaining objections and dismissing the petition as to property other than his own as *res judicata* of the question of jurisdiction over the street, is conclusively shown by former decisions of this court to the effect that the judgment in a special assessment proceeding against any particular tract of land is distinct from and independent of the judgment against any other tract assessed for benefits in the same proceeding.

In the case of *Kelly* v. *City of Chicago*, 148 Ill. 90, it appeared that an appeal had been prosecuted to this court by certain land owners from a judgment confirming assessments against their lands and that the judgment had been reversed and the cause remanded to the county court. Upon remandment of the cause other land owners whose lands were included in the same assessment roll but who had not joined in the appeal, appeared and moved the court to reinstate the original cause for confirmation of the assessment roll and to vacate the judgment of confirmation against their lands and to sustain objections theretofore filed by them. The court denied the motion, and in considering that action of the court upon writ of error we said: "Plaintiffs in error were not parties to that appeal, nor was the judgment of confirmation as to them in anywise affected by the judgment of this court reversing the judgment against the property of the appellants in that cause. The judgment is, in effect, several as to the property owners, and one or more may appeal or prosecute a writ of error without affecting the judgment against the others. There was no authority in the mandate of this court for the county court to vacate the judgment against plaintiffs in error."

In *Phelps* v. *City of Mattoon*, 177 Ill. 169, certain property owners prosecuted a writ of error to review proceedings in which judgment by default had been entered confirming assessments against their lands. In that case we said: "Defendant in error relies upon a former adjudication between the same parties of the cause of action involved in this writ of error. It appears from the records of this court that nearly all of the plaintiffs in error who have sued out the writ in this case were also plaintiffs in error in the case of *Gibler* v. *City of Mattoon*, 167 Ill. 18, in which the judgment was affirmed. * * * A judgment of this kind is several as to each tract or parcel of land in the assessment roll, and in the former case there was nothing in the record to show that ten of the plaintiffs in error

248 — 29

had any interest in any tract against which judgment was rendered or that they were parties to the proceeding or injured by the judgment. As to the others, it did not appear as to what property the writ of error was taken or as to what tract or tracts a reversal was asked. The record did not disclose the cause of action, and the judgment was affirmed for that reason. That judgment of affirmance, therefore, did not affect the particular tracts of land now involved in the record. It did not affirm the judgment as to the assessment roll generally, nor as to any tract, because no tract was identified by the record."

In *Sumner* v. *Village of Milford*, 214 Ill. 388, appellants sought to enjoin the collection of a special tax which had been confirmed against their lands by a judgment of the county court of Iroquois county in a proceeding to levy a special tax to pay the cost of improving a certain street. Gilbert Vennum had prosecuted an appeal from the judgment of confirmation, and upon that appeal, in *Vennum* v. *Village of Milford*, 202 Ill. 423, the judgment of confirmation was reversed because no legal petition for the improvement was presented to the board of local improvements. Appellants contended that the collection of the special tax should be enjoined because the reversal of the judgment as to the tract owned by Vennum operated to set aside the entire assessment, but in regard to that contention we said: "The argument that the reversal of the judgment as to the tract owned by Gilbert Vennum operated to set aside the tax as to the property of the complainants is met by several decisions of this court. (*Kelly* v. *City of Chicago*, 148 Ill. 90; *Phelps* v. *City of Mattoon*, 177 id. 169; *City of Chicago* v. *Nodeck*, 202 id. 257.) The reversal as to Vennum's property had no effect as to any other piece of property, and, indeed, section 56 of the Local Improvement act so expressly provides."

In *Goldstein* v. *Village of Milford*, 214 Ill. 528, objections were interposed by the appellants there to the appli-

cation by the county collector for judgment for delinquent assessments, one of the objections being that because the ordinance on which the assessment against their lands was based had been held invalid by this court in *Vennum* v. *Village of Milford, supra,* it must be held invalid, and the judgment of confirmation consequently void, in the proceeding to enforce the payment of the assessment against their lands, and upon the hearing they sought to offer in evidence the record in the *Vennum case.* The court sustained an objection to the evidence, and this ruling was assigned as error in this court. In disposing of this assignment of error we said, referring to section 56 of the Local Improvement act: "Section 562 provides, with reference to judgments of confirmation, as follows: 'Such judgment shall have the effect of several judgments as to each tract or parcel of land assessed, and no appeal from any such judgment or writ of error shall invalidate or delay the judgments except as to the property concerning which the appeal or writ of error is taken.' We have applied this statute in the following and other cases: *Kelly* v. *City of Chicago,* 148 Ill. 90; *Phelps* v. *City of Mattoon,* 177 id. 169; *City of Chicago* v. *Nodeck,* 202 id. 257. The reversal of the judgment of confirmation upon direct appeal had no effect whatever upon the judgment of confirmation rendered by the court on the various pieces of property, from which there was no appeal, and the court committed no error in refusing to admit in evidence the record in said *Vennum case.*"

The judgments in the former proceedings being, in effect, several judgments as to each tract or parcel of land assessed, and the judgment of confirmation therein entered against the appellee's lands being in nowise affected by the judgment sustaining objections and dismissing the petition as to other lands or by the judgment of this court affirming such judgment, it necessarily follows that appellee cannot set up the judgment not affecting the assessments against

his lands as an adjudication that the city has no jurisdiction over the street sought to be improved, as that judgment was not an adjudication upon any issues between appellee and the city of Chicago in that proceeding. The only judgment upon which appellee could, in any event, rely as determining any questions between him and the city in the former proceeding is the judgment confirming the assessment against his property, which, if still in force, would be an adjudication that the city is vested with jurisdiction over Cottage Grove avenue for the purpose of making the improvement specified in the ordinance under which the proceeding was instituted, and that the appellee's property would be benefited to the extent of the amount assessed against it. That judgment, however, was vacated and the proceedings were dismissed, and appellee does not contend that such judgment of confirmation is still in force.

Appellee contends, however, that a special assessment proceeding is a proceeding *in rem* and that a judgment rendered in such a proceeding concludes the whole world; that the status of Cottage Grove avenue between Drexel square and Fifty-ninth street having been established in a proceeding *in rem*, "the city and its citizens, parties and privies, friends and strangers, all are estopped to deny the jurisdiction and control of the park commissioners over said avenue." If the purpose of the former proceeding had been to determine whether jurisdiction over this street was vested in the city or in the board of South Park Commissioners, then there would be some foundation for appellee's conclusion. But it was not instituted for such purpose. The question of jurisdiction over the street was only a collateral issue arising in the cause. It is self-evident that a proceeding to determine whether jurisdiction over the street was vested in the city or in the board of South Park Commissioners, so as to conclude the whole world, must be a proceeding in which the board of South Park Commissioners was a party or in which the law required the board of South

Park Commissioners to appear and assert its rights in the premises or be forever barred or estopped by the judgment entered therein. It is too clear to require argument that jurisdiction over this street, and the duties and obligations attendant thereon, cannot be forced upon the board of South Park Commissioners in a proceeding for a special assessment to pay the cost of improving the street where the board of South Park Commissioners is not a party to the proceeding and is under no obligation to appear therein for any purpose. The judgment in the former proceeding would not preclude the board of South Park Commissioners, in any subsequent suit to which it might be a party, from denying that it is vested with jurisdiction over this street and insisting that such jurisdiction is vested in the city. The judgment, therefore, does not have the force and effect and conclusive character contended for by appellee. It does not conclude the whole world.

In a special assessment proceeding a personal liability cannot be imposed upon the owner of property benefited by a local improvement. The purpose of the proceeding is to impose a burden or charge upon the property itself, which, if not removed by the owner, is to be satisfied by a sale of the property under authority conferred by law. Such proceeding is therefore denominated a proceeding *in rem,* meaning a proceeding against the property itself, as distinguished from a proceeding *in personam,* meaning a proceeding against the owner of the property. The *res,* however, is not the street to be improved but is the property upon which it is sought to place the burden or charge, and if all the essential steps provided by statute have been taken, a judgment entered therein, either confirming an assessment against the *res* or sustaining objections and dismissing the petition as to the *res,* is conclusive, so far as the *res* is concerned, against the whole world as to all matters determined in that proceeding. It is, however, always the judgment entered in a cause which constitutes the estoppel, and

as the judgment entered in a special assessment proceeding is, in effect, a several judgment as to each tract or parcel of land assessed, it necessarily follows that, in so far as the judgment is concerned, each tract or parcel of land assessed is a separate *res,* and that there is, in effect, a several judgment *in rem* as to each tract or parcel of land assessed; and as the judgment of confirmation against one tract is in nowise affected by the reversal of that judgment as to another tract, or by a judgment entered in the same proceeding sustaining objections and dismissing the petition as to such other tract, it also necessarily follows that the judgment entered in the proceeding sustaining objections and dismissing the proceedings as to one tract cannot be successfully interposed as an estoppel or bar to an assessment against another tract in a subsequent proceeding.

The judgment of the county court is reversed and the cause will be remanded to that court, with directions to overrule the objections interposed by appellee and for further proceedings not inconsistent with the views herein expressed.     *Reversed and remanded, with directions.*

CARTWRIGHT, HAND and CARTER, JJ., dissenting:

For the reasons stated in *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122, we are of the opinion the case of *City of Chicago* v. *Carpenter,* 201 Ill. 402, should conclude the city of Chicago in this case from claiming to have jurisdiction over Cottage Grove avenue from Drexel square to the center of Fifty-ninth street for the purpose of making the improvement for which the special assessment involved is sought to be levied.