## Lindgren v. Swartz.

1. *Appeals—Practice—Abstract of Instructions.* — The Appellate Court may properly refuse to consider an assigned error in giving an instruction, where the instructions for the adverse party are not abstracted, the question not being properly raised, as the supposed error might have been cured by other instructions.

2. *Bill of Exceptions—Certificate of Evidence.*—A bill of exceptions, with only the certificate of the reporter, stating that it contained all the oral evidence, but lacking entirely the certificate of the judge that it contained all the evidence in the case, is not such a bill of exceptions as the law requires.

3. *Bills of Exceptions—Reporter's Certificate.*—The certificate of the reporter can not be substituted for that of the judge to a bill of exceptions.

4. *Presumptions—Absence of a Proper Bill of Exceptions.*—In the absence of such a bill of exceptions as the law requires, the presumptions are all in favor of the verdict and judgment, and the Appellate Court will presume that the evidence was sufficient to support the verdict.

**Memorandum.**—Trespass by domestic animals. Appeal from a judgment rendered by the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, A. D. 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

C. H. PAYSON, attorney for appellant.

APPELLEE'S BRIEF, FREE P. MORRIS AND F. L. HOOPER, ATTORNEYS.

Had appellant desired to question this instruction, he should have set forth the entire series of given instructions, and having failed to do so, the court may properly refuse to consider the objection. Westphal v. Austin, 39 Ill. App. 232; Parry v. Arnold, 33 Ill. App. 623; Chapman v. Chapman, 129 Ill. 390; Hellmuth v. Katschke, 35 Ill. App. 22; Mueller v. Newell, 29 Ill. App. 192.

Where a bill of exceptions does not show that it contains all the evidence introduced on the trial of a cause, it will be

presumed in support of the judgment of the trial court, that there was all the evidence necessary to justify the judgment rendered. ' Chicago, B. & Q. Ry. v. People, 139 Ill. 536.

Opinion of the Court, Lacey, J.

This was a suit commenced by appellee against appellant to recover for damages caused by the latter's stock and cattle getting through a partition fence and injuring the appellee's corn, originally commenced before a justice of the peace and appealed to the Circuit Court; their trial was had before a jury and resulted in a verdict for appellee for forty dollars, upon which the court rendered judgment, from which judgment this appeal is taken. The only error relied on for reversal, is the giving by the court below, appellee's second instruction, telling the jury that if it believed from the evidence that appellant's cattle got on the premises of appellee by breaking through the fence dividing their lands, and that the said fence was sufficient to turn ordinary cattle, and the said cattle broke through the fence, and that it was a good and sufficient fence, then the appellee would be entitled to such damages as the jury might find from the evidence he was entitled to. The third of appellee's instructions, however, defined what would be a legal and sufficient fence. This claimed error can not be insisted upon for the reason that the defendant's instructions are not abstracted, and therefore the question is not properly raised, as all supposed error might be cured by those instructions, and this court may properly refuse to consider the objection. Westphal v. Austin, 39 Ill. App. 232, and cases cited. Chapman v. Chapman, 129 Ill. 390; furthermore the evidence was not all preserved in the bill of exceptions or may not have been, as only a certificate of the reporter is found in the record certifying that the bill of exceptions contained all the oral evidence.

It lacks entirely the certificate of the judge that the bill of exception contained all the evidence in the case. The certificate of the reporter can not be substituted for that of

the judge. In the absence of such a bill of exceptions as the law requires the presumptions are all in favor of the verdict and judgment, and this court will presume that the evidence was sufficient to support the verdict without reference to the instructions.

The judgment of the court below is therefore affirmed.