THE CITY OF CHICAGO

v.

THE SOUTH PARK COMMISSIONERS et al.

*Opinion filed November 1, 1897—Rehearing denied December 14, 1897.*

1. BILLS OF EXCEPTIONS—*a bill of exceptions need not be signed in open court.* The signing of a bill of exceptions is the act of the judge, and not of the court, and it is not essential that it be done in open court.

2. SAME—*when motion to strike from files will be denied.* A motion to strike a bill of exceptions from the files on the ground that the cause was heard by a judge acting temporarily and the bill of exceptions signed by him when not presiding as judge will be denied, where the affidavit in support of the motion fails to show that he was not then the acting judge, though not sitting in open court.

3. SAME—*matters cannot be incorporated in the bill of exceptions by stipulation.* A stipulation of counsel that "inasmuch as the foregoing documents," meaning an ordinance, copy of commissioners' report, etc., "appear in the record they may be referred to in argument of counsel as if they were copied," etc., will not operate to incorporate such documents in the bill of exceptions.

4. SAME—*presumption where documentary evidence is omitted from bill of exceptions.* The Supreme Court will presume, on appeal from a judgment refusing confirmation of a special assessment, that the trial court ruled correctly in sustaining objections to the ordinance, copy of commissioners' report and other evidentiary documents, where they are not preserved in the bill of exceptions.

APPEAL from the County Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

J. D. ADAIR, for appellant.

ABRAM E. MABIE, GEORGE B. QUIGG, RANDALL W. BURNS, GAGE & DEMING, SMOOT & EYER, W. J. DONLIN, and IRA J. GEER, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the county court of Cook county sustaining objections filed by the appellees to an application of the appellant city for the

confirmation of special assessments levied for the cost of improving certain streets of the city.

The motion to strike the bill of exceptions from the files first demands our attention. The grounds of the motion are two-fold: First, that the bill was signed and sealed by the trial judge one day after the expiration of the time limited for the presentation of the bill; and second, that the cause was heard by the Hon. George W. Brown, county judge of DuPage county, Illinois, while presiding as the county judge of Cook county at the request and in the absence of Hon. Orrin N. Carter, sole presiding judge of the said county court of Cook county, and that the said Judge George W. Brown, at the time he signed and sealed the said bill of exceptions, was not presiding as judge of the county court of Cook county.

The argument of counsel in support of the first of these grounds overlooks an order of the court made and entered January 2, 1897, granting an extension of the time for filing the bill, within which time another order was made by the court granting a still further extension, within which last limited period the bill of exceptions was signed and sealed. In support of the second ground of said motion we find on file an affidavit of Abram Mabie, in substance that the bill of exceptions was presented to the said Hon. George W. Brown in his law office, No. 401 Tacoma building, in Chicago, county of Cook, and was signed and sealed by said judge in his said law office, and that the said Judge Brown is the county judge of DuPage county and occasionally acts as county judge of Cook county at the request of the county judge of Cook county, but that said Judge Brown, when said bill of exceptions was settled, signed and sealed in his office as aforesaid, was not holding the county court of Cook county, nor was he attended by the clerk or bailiff of said court.

The position of counsel who present this motion seems to be that a bill of exceptions must be signed by the judge at a time when the court is duly convened for the trans-

action of judicial business, and that the said county judge of DuPage county was lacking in authority to sign the bill of exceptions except during the time while he was acting judge of the county court of Cook county. It is not essential a bill of exceptions shall be signed in open court. It is the act of the judge, and not of the court, and he need not be attended by clerk or bailiff at the time. (3 Ency. of Pl. & Pr. p. 456, note 3.) Without conceding that it was not competent for the said Judge Brown to sign the said bill of exceptions after the period of time he was so temporarily holding the county court of Cook county, and without conceding it is admissible to consider the affidavit in support of the insistence his temporary term of service had expired, we content ourselves with the observation the affidavit fails to show he was not, at the time of the signing of said bill of exceptions, still the acting judge of the said county court of Cook county. Nothing further appears in the affidavit than that he is the judge of the county court of DuPage county and occasionally acts as the judge of the county court of Cook county, and that he signed the bill of exceptions in his law office in Cook county, and was not at the time holding the county court of Cook county and was not attended by a clerk or bailiff of said court. All thus alleged in the affidavit may be conceded to be true, and yet it does not appear but that the said Judge Brown, when he signed the bill, though not at the time actually judicially sitting in open court as judge of the said county court and though not attended by clerk or bailiff, was still the acting judge of the county court of Cook county, in the absence of Judge Orrin N. Carter.

The motion of appellees to strike the bill of exceptions from the record must be, and is, denied.

The special assessments for which judgments were sought by the city was for the cost of curbing, filling and macadamizing certain streets in pursuance, as the city alleged, of the provisions of an ordinance adopted by the

city council.   The appellees filed a number of objections
to the confirmation of the assessments.   These objections
questioned the sufficiency and validity of the ordinance
authorizing the improvement to be made, the action of
the commissioners in estimating the proportionate bene-
fits of the improvements to the public and the property
of private owners, and the sufficiency and regularity of
the assessment roll, and charged that notices of the ap-
plication had not been given as required by law.

It appears from the bill of exceptions the appellant
introduced a certified copy of the ordinance, affidavits of
mailing and posting notices, certificate of the publication
of the notice, certified copy of the report of the commis-
sioners of their estimate of the cost of the improvement
and order approving the same, copy of the report of the
commissioners as to proportionate benefits and their as-
sessment roll, and a plat of the proposed improvement.
But we are constrained to hold the bill does not preserve
such evidence for review in this court.   We find in the
bill of exceptions the following statement relative to such
proof:   "And thereupon the petitioner, to maintain the
issues upon its behalf, offered in evidence the petition
filed in such cause, and a certified copy of the ordinance
attached to said petition, affidavits of mailing and post-
ing notices, the certificate of publication, also a certified
copy of the report of the commissioners on estimate and
order of the approval thereof, also the assessment roll
filed in said cause and a plat showing the location of
the improvement, which said documents are in words and
figures as follows:"   Here follows a copy of the plat, and
the bill then proceeds as follows:   "It is stipulated in
open court, that inasmuch as the foregoing documents
(except the plat) appear in the record, they may be re-
ferred to in argument of counsel as if they were copied
in this bill of exceptions."

The error assigned is, the court erred in sustaining
the objections, and it is therefore indispensable to the

disposition of the case we should inspect the various documents challenged by such objections.   Hence the question arises whether they are preserved for our inspection by the bill of exceptions.

Under common law practice documents were required to be written out in full in a bill of exceptions, (3 Ency. of Pl. & Pr. 430,) and so far as we are advised this court has adhered to this rule to the extent that the instrument must appear in the bill when considered by this court.   In other jurisdictions it has been held it is sufficient to identify a document by a proper reference in the bill, marking the place where it should be incorporated by the words, ("Clerk here insert,") or otherwise distinctly ordering it to be made a part of the bill, and identifying it, if it is not actually copied into the bill.   It will be observed that the bill in the case at bar does not meet the more relaxed modern rule of the courts of other States. The documents in question are not identified, nor does it in any way appear in the bill under consideration the judge intended they should be incorporated in it.   All that appears that might be supposed to bear upon that point is the recitation that it is stipulated in open court "that inasmuch as the foregoing documents" (ordinance, copy of report of commissioners, etc.,) "appear in the record they may be referred to in argument of counsel as if they were copied in the bill of exceptions."   We can not avoid the conclusion the documentary evidence is not preserved by the bill of exceptions.   In such cases it is familiar law the presumption prevails the trial court ruled correctly in holding them open to the objections made against them, and that they were insufficient to justify the rendition of a judgment for the assessments. *Miller* v. *Glass*, 118 Ill. 443; *Chicago and Iowa Railroad Co.* v. *Lane,* 130 id. 116; *Ryan* v. *Sanford*, 133 id. 291; *Gage* v. *City of Chicago*, 162 id. 313.

The judgment must be affirmed.

*Judgment affirmed.*