MARIE J. LUNDBERG

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 18, 1899—Rehearing denied February 20, 1900.*

1. SPECIAL ASSESSMENTS—*ordinance should contain data showing height of curb.* Confirmation of a paving assessment is unauthorized where the ordinance contains nothing from which the depth of the gutter or corresponding height of the curb can be ascertained. (*Holden* v. *City of Chicago*, 172 Ill. 263, followed.)

2. SAME—*if improvement cannot be described it cannot be made by special assessment.* If the depth of gutter or height of curb cannot be described but must depend upon the exigencies of construction,

then the improvement is not one which the law authorizes to be constructed by special assessment.

3. RECORD—*copy of ordinance attached to petition is part of pleadings.* A copy of an ordinance attached to a petition for confirmation in lieu of reciting the ordinance in the petition, as required by law, is part of the pleadings, and hence need not be incorporated in the bill of exceptions in order to be in the record on appeal. (*City of Chicago* v. *South Park Comrs.* 169 Ill. 387, and *Meissner* v. *People*, id. 530, distinguished.)

WRIT OF ERROR to the County Court of Cook county; the Hon. C. H. DONNELLY, Judge, presiding.

BASTRUP & O'NEILL, for plaintiff in error.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county confirmed a special assessment against property of which plaintiff in error is the owner, to pay for grading, paving and curbing certain streets in the city of Chicago.

The petition recites the ordinance for the improvement by annexing a copy thereto, and the ordinance so recited provides for a granite concrete combined curb and gutter on each side of the roadways. It gives the thickness throughout of the combined curb and gutter and the width of the gutter flags, but fails to specify the depth of the gutter or corresponding height of the curb, or to furnish any data from which it can be determined. We have held that it is error for the court to confirm a special assessment for an improvement where the description is lacking in that particular. (*Holden* v. *City of Chicago*, 172 Ill. 263.) It is now contended that a description which shows nothing about the height of the curb above the gutter is good, because the gutter must be

made so as to secure good drainage, and, with the necessary longitudinal pitch, the face of the curb is not of the same height at any two places, but is determined by the location of catch-basins, sewers, alleys, etc. For this reason it is said that the improvement cannot be described, but its character must depend upon the exigencies of construction. The obvious answer to this is, that if the city is not able to specify the "nature, character, locality and description of the improvement" it is not authorized to make it by special assessment, at the expense of property owners. The legislature has fixed the conditions upon which a special assessment may be levied, and the city must comply with them if it avails itself of the privilege. If language and engineering skill are inadequate to let property owners, bidders, commissioners and courts know what is going to be done, some other method than special assessment must be adopted.

It is also urged that the ordinance is not in the record because not preserved by bill of exceptions. The law requires the petition to recite the ordinance, and a petition without such a recital would not show any ground for an assessment. The recital of an ordinance describing the improvement is a necessary component part of a petition. The law was complied with in this case by annexing a copy as part of the petition. The pleadings are part of the record.

This view is not at variance with the rulings in *City of Chicago* v. *South Park Comrs.* 169. Ill. 387, or *Meissner* v. *People ex rel.* id. 530. In each of those cases it was deemed necessary to the proper presentation of the questions before the court, the ordinance authorizing the improvement to be made should be introduced in evidence on the hearing of the objections, and the question presented in each of the cases was whether the ordinances were preserved in the bills of exception as matter of evidence. In the former of the cases it was recited in the bill of exceptions, the city, to maintain the issues on its behalf,

offered in evidence a certified copy of the ordinance, and that the parties stipulated that, inasmuch as the ordinance appeared otherwise in the transcript of the record, it should be omitted from the bill of exceptions. Substantially the same recitation was incorporated in the bill of exceptions in the latter of the cases. We held documents introduced in evidence could not be preserved in that manner. Nothing said in either of those cases militates in the slightest degree against the view here expressed, that a copy of an ordinance annexed to a petition becomes a part of that pleading and with that pleading becomes a part of the transcript of the record in the cause in this court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*