FREDERICK O. EARNSHAW

*v.*

THE WESTERN STONE COMPANY.

*Opinion filed December 16, 1902.*

1. APPEALS AND ERRORS—*when finding of fact by Appellate Court bars recovery.* A finding by the Appellate Court, on reversing a judgment for plaintiff in a personal injury case without remanding the cause, that "there was no negligence of the appellant which operated as a proximate cause of appellee's injury," is conclusive against the plaintiff's right of recovery.

2. CONSTITUTIONAL LAW—*section 87 of Practice act is not unconstitutional.* Section 87 of the Practice act, which authorizes the Appellate Court to reverse without remanding if it finds the facts differently from the trial court, and to make a finding of facts which shall be conclusive upon the Supreme Court as to all matters of fact in controversy, is not in violation of the constitution of this State or of the United States.

*Western Stone Co.* v. *Earnshaw,* 98 Ill. App. 538, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

PHELPS & CLELAND, (DELOS P. PHELPS, of counsel,) for plaintiff in error.

F. J. CANTY, and A. B. MELVILLE, (J. C. M. CLOW, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought by the plaintiff in error against the defendant in error to recover damages for a personal injury sustained by him while in its employ.

At the time of the accident the plaintiff was in the employ of the defendant as an engineer and was working in a hoisting shanty belonging to it, operating the

machinery which controlled a derrick located near the defendant's stone quarry, which was used to lift stone out of the quarry, and while thus engaged he was injured. It is claimed by the plaintiff that the hoisting shanty was not properly ventilated and became overheated, and that by reason of such excessive heat he became unconscious, fell and was injured. It was also claimed that the plaintiff had notified the defendant of the overheated condition of said hoisting shanty, and that defendant agreed to provide additional openings therein through which to admit air, which it failed to do.

A trial resulted in a verdict in favor of the plaintiff for $10,000, upon which judgment was rendered, and upon appeal to the Appellate Court for the First District the judgment was reversed without remanding the cause, and the following finding of fact was made by the Appellate Court: "The court finds that there was no negligence of appellant which operated as a proximate cause of appellee's injury,"—which finding of fact, if valid, the plaintiff in error admits is conclusive against him and bars his right of recovery, as it is conceded that no recovery can be had unless the negligence of the defendant in error was the proximate cause of plaintiff in error's injury. It is, however, contended that the Appellate Court had no power to reverse said cause without remanding the same for a new trial, and it is insisted that the statute which authorizes the Appellate Court to make a finding of fact and provides that such finding shall be binding upon this court, is in conflict with the constitution of this State and the constitution of the United States, and is therefore void, and that such finding of fact should not be treated as binding upon this court in its final determination of the case. The method of procedure followed by the Appellate Court in this case is legal and in accordance with a long line of decisions heretofore made by this court, and is now too firmly established to be challenged or overturned.

The finding of the Appellate Court being binding upon this court, and it appearing therefrom that there was no negligence of defendant in error which operated as the proximate cause of plaintiff in error's injury, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*