LOUIS FRANK *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 23, 1905—Rehearing denied October 11, 1905.*

1. APPEALS AND ERRORS—*when objection to special assessment judgment cannot be considered.* Objections to a special assessment judgment which do not arise upon the face of the record cannot be considered by the Supreme Court unless preserved by a bill of exceptions.

2. BILL OF EXCEPTIONS—*same cannot be made part of record by reference.* Reference to the bill of exceptions in another case wherein an appeal has been taken from the same judgment does not make such bill of exceptions a part of the record, even though an abstract of the bill is set out in the abstract of record.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

The city of Chicago commenced a proceeding in the superior court of Cook county for the purpose of widening West Randolph street, in said city, from Halsted street to Sangamon street, and to levy a special assessment on the property benefited to pay for the property taken or damaged. Appellants appeared and filed objections, which were overruled, and a judgment for $2253.12 was rendered against their property, and they have appealed.

GUTHMAN & ROTHSCHILD, and JOHN S. STEVENS, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The objections urged by appellants do not arise upon the face of the record, and unless preserved by a bill of exceptions cannot be considered by this court. (*Kelly* v. *City of Chicago,* 148 Ill. 90; *Sargent* v. *City of Evanston,* 154 id. 268; *Mallers* v. *Whittier Machine Co.* 170 id. 434; *Fisher* v. *City of Chicago,* 213 id. 268.) The appellants have attempted to preserve the evidence, the rulings of the court based thereon, and their exceptions to such rulings, by referring the court to the bill of exceptions which it is said forms a part of the record in another case, (*Berdel* v. *City of Chicago,* No. 4083,) and an abstract of which bill of exceptions they have incorporated in the abstract filed in this case, although the record filed does not contain a copy of said bill of exceptions. The bill of exceptions filed as a part of the record in the *Berdel case* cannot thus be incorporated into the record in this case. It has been repeatedly held by this court that a document cannot be made a part of a bill of exceptions by reference, and this is the rule even though the document be found in some other place in the record. *Emerson* v. *Clark,* 2 Scam. 489; *City of Chicago* v. *South Park Comrs.* 169 Ill. 387; *Meissner* v. *People,* id. 530; *Call* v. *People,* 201 id. 499.

No reversible error appearing, the judgment of the superior court will be affirmed,          *Judgment affirmed.*