LOUIS P. KALISH

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 20, 1905.*

1. APPEALS AND ERRORS—*effect where record contains no bill of exceptions.* In the absence of a bill of exceptions, only such errors as appear upon the face of the record proper can be considered by the Supreme Court.

2. SAME—*party cannot incorporate another party's bill of exceptions in his own by reference.* One appealing from a special assessment judgment cannot, by reference in his own bill of exceptions, incorporate therein the bill of exceptions prepared by other property owners for use on their own separate appeal.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

GUTHMAN & ROTHSCHILD, and JOHN S. STEVENS, for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment, entered by the Superior Court of Cook county in a proceeding begun by appellee for the purpose of widening West Randolph street in the city of Chicago from Halsted street to Sangamon street, a distance of three blocks, and levying a special assessment on the property benefited. The proceeding involved the condemnation of thirty-five feet fronting the street on each side for the distance named. Appellant, as owner of sub-lot 7 in James Ward's re-subdivision in block 39 in Carpenter's addition to Chicago, appeared and filed objections, and, having become the owner during the trial of sub-lots 8 and 9 in said re-subdivision, prosecuted the objections theretofore

filed. The property of appellant on sub-lot 7 is known as No. 260 West Randolph street, and is improved with a three-story brick building. The jury in their verdict awarded $2021.25 as compensation for the north thirty-five feet of said lot 7 and the private alley adjoining the same, taken for the improvement, and allowed $2264.00 for the improvements upon the premises. They assessed back $2021.25 upon the balance of sub-lot 7 and of the private alley adjoining the same as special benefits, and assessed the sum of $2070.00 as special benefits upon sub-lots 8 and 9 in said re-subdivision, and the private alley adjoining the same.

The commissioners in their report reported $314,103.70 as the amount of benefits to property to be benefited by said improvement, and also reported that there would be no benefit to the public.

It is insisted by the appellant, first, that the question of public benefits should have been submitted to the jury, and should not have been determined by the court without a jury; second, that no resolution or ordinance had been passed by the city of Chicago, providing that the proposed widened portion of the street should become a market place, and that, therefore, benefits, predicated on the assumption that it would become a market place, were illegal; third, that the proposed improvement was a public and not a local improvement; fourth, that the damages allowed for improvements upon appellant's property are insufficient· and contrary to the evidence; and fifth, that the assessments on appellant's property are excessive and contrary to the evidence. It is apparent that none of the objections, thus made by the appellant, are objections, which arise on the face of the record, and, therefore, they cannot be considered or reviewed by this court in the absence of a proper bill of exceptions. (*Kelly* v. *City of Chicago,* 148 Ill. 90; *Helmuth* v. *Bell,* 150 id. 263).

The only bill of exceptions, appearing in the record filed in this court by the appellant, contains only the motion of

appellant for a new trial, a recital of the overruling of said motion and an exception thereto, and the recital of an entry of judgment on the verdict and an exception thereto, and closes with the following recital: "And forasmuch as all other objections, made by the said objector last named in the trial of this cause, together with the ruling of the court thereon and the exceptions of said last named objector thereto, together with all the evidence, oral and documentary, offered, received and heard on such trial, as well as all instructions given and refused by the court therein, with the exceptions of said last named objector thereto, and all proceedings in said cause, not otherwise appearing of record, do now sufficiently and fully appear of record in and by the certain bill of exceptions of the certain objectors, Emily A. Snyder and Charles E. Berdel, signed and sealed and filed in this cause January 28, 1905, and now of record herein; the said objector, Louis P. Kalish, tenders this further bill of exceptions herein, and prays that the same may be signed and sealed by the judge of this court, pursuant to the statute in such case provided; which is done accordingly this 6th day of February, A. D. 1905."

Berdel and Snyder were defendants with the present appellant in this proceeding in the trial court. By the above recital appellant attempted, in his bill of exceptions entitled "additional bill of exceptions," to adopt as his own the bill of exceptions of Berdel and Snyder. The bill of exceptions, however, of Berdel and Snyder does not appear in the record of appellant filed on this appeal. There is nothing in this record to bring the bill of exceptions of Berdel and Snyder before this court in the case at bar, except the above recital in the additional bill of exceptions, filed by appellant and embodied in the present record.

The question then arises whether, in such a proceeding as this, one property owner, appealing from a judgment against his property, can, without embodying a separate bill of exceptions in his own record, adopt by reference the bill

of exceptions prepared by another property owner, seeking to review a judgment against his property.

Section 56 of the act in regard to local improvements provides, with reference to judgments of confirmation, as follows: "Such judgments shall have the effect of several judgments as to each tract or parcel of land assessed, and no appeal from any such judgment or writ of error shall invalidate or delay the judgments, except as to the property concerning which the appeal or writ of error is taken." (4 Starr & Curt.—Sup. ed.—p. 182). Section 95 of the act in regard to local improvements is as follows: "Appeals from final judgments or orders of any court, made in the proceedings provided for by this act, may be taken to the Supreme Court of this State, in the manner provided by law, by any of the owners or parties interested in lands taken, damaged or assessed therein, and the court may allow such an appeal to be taken jointly and upon a joint bond, or severally, and upon several bonds, as may be specified in the order allowing the same." (Ibid. pp. 201, 202). It thus appears that, in a condemnation and special assessment proceeding of this kind, the judgment as to each tract or parcel of land is a several judgment, and several and separate appeals may be taken from each judgment by each property owner. Here, appellant was not a party to the appeal taken by Berdel and Snyder, and we have held in a number of cases that "the judgment is in effect several as to the property owners, and one or more may appeal or prosecute a writ of error without affecting the judgment against the others." (*Kelly* v. *City of Chicago,* 148 Ill. 90; *Phelps* v. *City of Mattoon,* 177 id. 169; *Goldstein* v. *Village of Milford,* 214 id. 528).

Inasmuch as each judgment is several as to each property owner, and inasmuch as each property owner may take a separate appeal, and separate appeals have been taken in the case at bar, it follows that the trial judge did not seal and sign the bill of exceptions, prepared by Berdel and Sny-

der, for any property owners except Berdel and Snyder, and the document so signed constituted a bill of exceptions for Berdel and Snyder, and no one else. As to appellant, who did not join in the procuring and settling of that bill of exceptions, it is as to him merely an unofficial document, having no sanction of the trial judge. The appellant cannot incorporate into his bill of exceptions by reference only a transcript of the proceedings of the trial in the lower court, described as the bill of exceptions of Berdel and Snyder, which does not appear in any part of the record on the present appeal. This court has decided that a document or instrument cannot be incorporated in a bill of exceptions by a mere reference thereto. (*City of Chicago* v. *South Park Comrs.* 169 Ill. 387; *Meissner* v. *People,* 169 id. 530; *Lindgren* v. *Swartz,* 49 Ill. App. 488; *Hennessy* v. *Metzger,* 50 id. 533; *Dick* v. *Mullins,* 128 Ind. 365). Under the authorities thus referred to, the appellant could not incorporate the instrument, identified as the bill of exceptions of Berdel and Snyder, by reference in his own bill of exceptions, even if the bill of exceptions of Berdel and Snyder were contained in some other part of their own record than the bill of exceptions. Here, however, it does not appear in any part of appellant's own record, but must be looked for in the record of some other cause pending in this court, and therefore can not be incorporated by mere reference.

The rule is, that, where no bill of exceptions appears in the record, only such errors, as appear upon the face of the record proper, can be considered. (*Helmuth* v. *Bell,* 150 Ill. 263; *Mallers* v. *Whittier Machine Co.* 170 id. 434).

In *Frawley* v. *Hoverter,* 36 Minn. 379, it was said by the Supreme Court of Minnesota: "It is conceded that as to Kreider the judgment must be reversed, but no error as to the other defendants appears upon the record. They can not rely to show such error on the case and bill of exceptions, for it was not settled on their behalf, and it purports only to set forth the evidence and rulings on the trial of the

issue between the plaintiff and Kreider. The case against the other defendants could have no place in a case and bill of exceptions, proposed and procured to be settled by him alone, and in which they did not join. They could not be bound, nor as to them could the plaintiff be bound by Kreider's case and bill of exceptions."

Section 59 of the Practice act provides as follows: "If, during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow said exception, and sign and seal the same, and the said exception shall thereupon become a part of the record of such cause." (3 Starr & Curt. Ann. Stat.—2d ed. —p. 3065).

Inasmuch as there is no bill of exceptions, embodying the rulings of the court below and the evidence introduced on the trial, the points, urged by the appellant in favor of the reversal of the judgment in this case, are not before us, and cannot be considered. (*Frank* v. *City of Chicago,* 216 Ill. 587).

Accordingly, the judgment of the Superior Court of Cook county is affirmed.          *Judgment affirmed.*