## James Holland v. The People of the State of Illinois.

### Gen. No. 4,732.

1. FINE—*who should impose, in prosecution for misdemeanor before justice.* In a prosecution for a misdemeanor before a justice of the peace, the fine should be imposed by the jury.

2. CRIMINAL PROSECUTION—*when accused may waive statutory pro-*

*cedure.* In a prosecution for a misdemeanor the accused may waive any of his rights.

3. BILL OF EXCEPTIONS—*how may not be impeached.* The recitals of a bill of exceptions cannot be contradicted or varied by the affidavits of parties or their counsel.

Action commenced before justice of the peace. Error to the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

W. H. A. RENNER, for plaintiff in error.

FRANKLIN J. STRANSKY, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff in error was arrested charged with assault and battery on a complaint filed before a justice of the peace in November, 1905. Successive changes of venue were taken by the People and the defendant. The defendant was finally tried before a justice of the peace by a jury, and a verdict of guilty of assault and battery returned by the jury which fixed the fine at five dollars. Plaintiff in error took an appeal to the Circuit Court. Upon the trial in the Circuit Court by a jury, after the evidence had been heard, the People, by the state's attorney of Carroll county, asked the court to give the following instruction: "The court instructs the jury that if you find the defendant guilty of assault and battery the form of your verdict will be 'we, the jury, find the defendant guilty of assault and battery in the manner and form as charged in the complaint and we fix the fine at $    .'" An instruction similar in form was asked concerning the verdict if the jury should find the defendant guilty of assault only. Thereupon, in open court, before passing upon these instructions, the presiding judge asked the attorney for the defendant, in his presence, what the form of the verdict should be, and he said: "The jury should pass solely upon the question of guilt, and if the defendant was found guilty the fine was a matter

Holland v. The People.

for the court." The state's attorney consented to the suggestion of the attorney for the defendant. Counsel for the defendant stated in open court, in the presence of the defendant, that it would not be possible for him and the defendant to be present the next morning, and consented that the jury should be instructed without either the parties or counsel being present, and requested the court to explain to the jury the reason for their absence. The court gave the instructions as modified on the suggestion of counsel for defendant. The jury returned a verdict finding the defendant guilty of an assault. Defendant moved to set aside the verdict and for a new trial, and objected to the court assessing any fine on the ground that a fine could only be assessed by the jury. Motions of the defendant for a new trial and in arrest of judgment having been overruled, judgment was rendered on the verdict and a fine of three dollars imposed by the court. The defendant insists there was error in imposing this fine. Section 5 of article XVIII of the Justice's Act (properly division IX of the Criminal Code) provides that in justice's court, if the jury find the accused guilty, they shall assess the fine. Section 9 provides that the defendant may take an appeal to the Circuit Court in the same time and manner, and upon the same conditions and with like effect, and like proceedings may be had thereon as in civil cases. Section 11 provides that if, upon such appeal, the defendant shall be found guilty, judgment shall be rendered against both principal and surety in the appeal bond, for the amount of the fine assessed by the jury in said court. Under section 9 of division XIV of the Criminal Code, in proceedings begun in the Circuit Court for assault and battery, the jury pass only upon the question of the guilt or innocence of the defendant and the court fixes the penalty. Under the statute the court has no authority to fix the fine on an appeal from a case begun before a justice, because the statute says "like proceedings may be had thereon as in civil

cases," and judgment shall be rendered "for the amount of the fine fixed by the jury." The record in this case shows that the People asked that the jury assess the fine if they should find the defendant guilty, as provided by the statute in appealed cases, and the defendant, by his attorney, thereupon stated that "the jury should pass solely upon the question of guilt, and if the defendant was found guilty the fine was a matter for the court." This is only a misdemeanor. In a misdemeanor the defendant may waive any of his rights on the trial. He could have waived trial by jury and could have been tried and found guilty and had a fine assessed against him by the court. If the defendant can now take advantage of the procedure that the record shows he caused, then the defendant, by his attorney, may intentionally mislead the court and take advantage of his own wrong. A defendant ought not to be permitted to take advantage of the course of procedure which he causes the trial court to pursue. It has been held to be the law that even in cases of felony that a defendant may waive some of his statutory rights, and that he cannot assign error upon what he has consented and agreed to, when he is not damaged thereby. Bow v. People, 160 Ill. 438; Bruen v. People, 206 Ill. 417. The court assessed the lowest possible fine. The defendant was not damaged by the procedure of the court taken at his instance. A defendant cannot assign for error in a civil or criminal proceeding any decision, order or judgment of the court which is manifestly in his favor. The jury found the defendant guilty; they could not have assessed a fine less than three dollars. There was no reversible error in the court assessing the minimum penalty upon a procedure consented to or suggested by the defendant's counsel in the presence of the defendant.

On the hearing of the motion for a new trial an effort was made to show by affidavits that the defendant was not present when his counsel suggested the

Holland v. The People.

change that was made as to the form of the verdict, and that the suggestion of counsel was only as to what the form of the verdict should be as to his guilt or innocence if the jury should find the defendant guilty, but that he did not consent that the court should assess that fine. The recitals of a bill of exceptions are conclusive as to what are therein contained. It is to be presumed the judge knew what occurred on the trial. "The affidavit of a defendant cannot thus be made to override the recitals of the bill of exceptions as to what occurred upon the trial of a criminal cause." What occurs in the presence of the judge is within his knowledge, and must be recited over his certificate, and cannot be made a part of the record by *ex parte* affidavits. The court properly refused to permit the filing of affidavits concerning proceedings which occurred in open court and that were within his knowledge. Any other rule of practice would lead to great confusion. Gallagher v. People, 211 Ill. 158; Peyton v. Morgan Park, 172 Ill. 107; Mayes v. People, 106 Ill. 306; Winslow v. Guthrie, 113 Ill. App. 55. The attorney for the defendant was an officer of the court. We will not assume that the attorney for the defendant intended to deceive the court. We must assume that the attorney acted in good faith in advising the court what procedure should be taken. The defendant acted through his attorney. The court having acted upon the suggestion of appellant's counsel, he cannot assign for error that the court adopted his suggestion.

Plaintiff in error insists that the jury were not justified by the evidence in finding him guilty. Thomas McCue, a boy aged fourteen, testified that plaintiff in error kicked him. The question of fact was one for the jury, and they having found against him, as did the jury before the justice, it is not within our province to interfere with their finding. Finding no reversible error the judgment will be affirmed.

*Affirmed.*