MARTHA L. CHAPLIN, Admx.

*v.*

THE ILLINOIS TERMINAL RAILROAD COMPANY.

*Opinion filed April 18, 1907.*

1. APPEALS AND ERRORS—*what finding of facts is conclusive.* A finding by the Appellate Court, in its judgment reversing a judgment for the plaintiff in a personal injury case, that the injury complained of was caused by negligence of the fellow-servants of the injured party and that it was within the risk assumed by him, is conclusive upon the Supreme Court, where it cannot be said from the record that there was no evidence upon which such finding could be based.

2. SAME—*Appellate Court may permit trial judge to seal bill of exceptions after time for filing bill has passed.* The signing and sealing of a bill of exceptions is a ministerial act, in that it is the act of the judge and not that of the court, and hence the Appellate Court has power to grant leave to amend a bill of exceptions by permitting the trial judge to affix his seal, even though the time for filing the bill is passed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of Alton; the Hon. J. E. DUNNEGAN, Judge, presiding.

THOMAS F. FERNS, for plaintiff in error.

HENRY S. BAKER, and WARNOCK, WILLIAMSON & BURROUGHS, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the plaintiff in error in the city court of Alton to recover damages for the death of Addison G. Chaplin, her intestate, averred to have been caused by the negligence of the defendant in error. The declaration contained one count, and the general issue was filed, and the trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $5000, which judgment, on appeal to the Appellate Court for the Fourth District by the defendant, was reversed without remanding, and that court made the following finding of facts: "That the injury complained of was caused by the negligence of the fellow-servants of appellee's intestate, and that the injury sustained was within the risk assumed by the appellee's intestate."

It has been held by this court in a long line of cases, that where the Appellate Court reverses a case without remanding, and finds the facts, under section 87 of the Practice act, different from the trial court, and incorporates such finding in its judgment, this court can only determine whether the Appellate Court has properly applied the law to the facts as

found by it and recited in its judgment. (*Earnshaw* v. *Western Stone Co.* 200 Ill. 220; *Supple* v. *Agnew,* 202 id. 351; *City of Chicago* v. *Smith,* 204 id. 356; *Hogan* v. *Chicago and Alton Railroad Co.* 208 id. 161; *Harvey* v. *Chicago and Alton Railway Co.* 221 id. 242; *First Nat. Bank* v. *Bank of Whittier,* id. 319; *Toolen* v. *Chicago Towel Supply Co.* 222 id. 517.) The law is clear that if the injury complained of was caused by the negligence of the fellow-servants of the appellant's intestate, and if the injury sustained was within the risk assumed by said intestate, there could be no recovery for the injury. It cannot be said upon this record that the Appellate Court, in making said finding of facts, acted without evidence, and that there was therefore no evidence before that court upon which to base such finding of facts. (*Commercial Ins. Co.* v. *Scammon,* 123 Ill. 601.) We are therefore of the opinion that the finding of facts by the Appellate Court is binding upon this court and controls the decision of the case.

It is also contended that the Appellate Court erred in declining to strike the bill of exceptions from the record, on the ground that when the trial judge signed the bill of exceptions he neglected to seal the same. It appears that the trial judge failed to attach a seal after his name when he signed the bill of exceptions, and that such omission was not discovered by the appellee until the transcript of the record was filed in the Appellate Court, in which court the present appellee was appellant, and until after a motion had been made in that court to strike the bill of exceptions from the record for want of a seal. After such motion was made, the attorneys for the appellant in that court again presented the original bill of exceptions to the trial judge and the judge attached his seal thereto, whereupon they made a cross-motion in the Appellate Court for leave to amend the record on file in that court by attaching to the copy of the bill of exceptions found in the transcript of the record a certified copy of the last page thereof as the same then appeared of

record in the trial court, in lieu of the last page of the copy
of the bill of exceptions as it then appeared in the transcript
of the record on file in the Appellate Court. The Appellate
Court denied the original motion and allowed the cross-
motion.

At the time the trial judge attached his seal to the bill
of exceptions the time for filing a bill of exceptions had ex-
pired, and it is urged the trial judge was powerless at that
time to seal the bill of exceptions. It is held the act of sign-
ing and sealing a bill of exceptions is purely ministerial,
(*Hake* v. *Strubel,* 121 Ill. 321,) that is, that such signing
or sealing is an act of the judge and not of the court. (*City
of Chicago* v. *South Park Comrs.* 169 Ill. 387.)  And in
*Frazier* v. *Laughlin,* 1 Gilm. 185, the judge who tried the
case was permitted by this court to amend the bill of excep-
tions by affixing his seal thereto although he was not in
office at the time the amendment was so made, and had the
appellee in this case asked leave of the Appellate Court to
amend the bill of exceptions by having the trial judge affix
his seal thereto, there can be no question but the Appellate
Court would have had power to grant such leave, although
the time for filing a bill of exceptions in the case had ex-
pired before such leave was asked.  The amendment as
made was irregular, but as the Appellate Court approved
of the action of the trial judge in affixing his seal to the bill
of exceptions by overruling the motion to strike the bill of
exceptions from the record and in allowing the same to be
amended by filing a certified copy of the last page of the
bill of exceptions after it had been sealed by the trial judge,
we think such irregularity was cured by the action of the
Appellate Court, and that the Appellate Court did not err
in declining to strike the bill of exceptions from the record.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*