MICHAEL REGAN, Appellant, *vs.* THE WASHINGTON CONSTRUCTION COMPANY, Appellee.

*Opinion filed February 20, 1908.*

APPEALS AND ERRORS—*findings of fact by Appellate Court are conclusive.* Findings by the Appellate Court, in its judgment reversing, without remanding, a judgment in favor of a servant against the master for personal injuries, that the plaintiff was "not injured by any negligence of the defendant," and that "he assumed what hazards there were" incident to his employment, are conclusive against the right of recovery, and are binding upon the Supreme Court in view of the unconstitutionality of the proviso to section 120 of the Practice act of 1907, attempting to authorize the Supreme Court to review the facts in such case.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

B. J. WELLMAN, for appellant.

JOHN T. FLEMING, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellant in the superior court of Cook county, against the appellee, to recover damages for a personal injury alleged to have been sustained by the appellant while in the employ of the appellee in laying sewer pipe in a trench in one of the streets of the city of Chicago, through the negligence of the appellee in failing to properly shore the sides of the trench in which said sewer pipe was being laid, in consequence of which the sides of the trench caved and fell upon the appellant while he was in a stooping position at the bottom of the trench, and injured him. The jury returned a verdict in favor of the plaintiff for the sum of $1000, upon which verdict the court, after overruling a motion for a new trial, rendered judgment in favor of the plaintiff. The defendant prosecuted an appeal to the Appellate Court for the First District, and the branch of that court reversed said cause without remanding the same, and made the following finding of fact: "The court finds as a fact that appellee was not injured by any negligence of the defendant, and that he assumed the risk of whatever hazards there were in the occupation in which he was engaged at the time of the alleged injuries complained of."

In *Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574, this court held unconstitutional so much of the proviso to section 120 of the Practice act of 1907 (Laws of 1907, p. 468,) as provided that in actions at law, where the Appellate Court reverses the judgment of the trial court without awarding a trial *de novo*, as the result, wholly or in part, of finding the facts different from the finding of the trial court, and the cause is taken by appeal or writ of error to

the Supreme Court, then the provision that the judgment of the Appellate Court shall be final as to the facts shall not apply, and both the facts and the law shall stand for review in the Supreme Court as in the Appellate Court. This holding leaves the remaining portion of section 120 of the Practice act of 1907, which is substantially the same as section 87 of the Practice act of 1872, as amended in 1877, in full force and effect, which reads: "If any final determination of any cause or proceeding whatever except in chancery shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts, concerning the matter in controversy, different from the finding of the court from which such cause or proceeding was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree, the facts as found; and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause or proceeding."

The findings of fact by the Appellate Court that appellant was not injured by the negligence of the appellee, and that he assumed the risk of whatever hazards there were in the occupation in which he was engaged at the time of the alleged injuries complained of, are binding upon this court. If true, as such findings must be assumed to be upon this appeal, then there can be no recovery on the part of the appellant. *Chaplin* v. *Illinois Terminal Railroad Co.* 227 Ill. 166.

As no grounds of reversal are urged in this court other than that the Appellate Court erred in its finding of facts, the judgment of that court must be affirmed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*