Hannah Johnson, Appellee, v. Abram Lamm et al., Appellants.

Gen. No. 15,010.

1. APPEALS AND ERRORS—*how bill of exceptions impeached.* Affidavits will not be received to impeach either the recitals of the bill of exceptions or the presumptions arising from such recitals.

2. PRACTICE—*what operates as discontinuance.* The granting of leave by the court to discontinue as against one defendant followed by the filing of an amended bill by leave of court against the other defendant, operates as a discontinuance as to the first mentioned defendant.

3. ASSAULT AND BATTERY—*what evidence competent upon question of damages.* It is proper for the court to allow a detailed examination of the defendant as to his wealth where in answer to a question as to how much he was worth he replied that he did not know.

4. VERDICTS—*when not excessive. Held,* in an action of assault and battery that a verdict reduced by *remittitur* to $300 would not be disturbed where it appeared that the defendant was a man of full age and the plaintiff was a girl and that there was evidence justifying the allowance of punitive damages.

Action in case. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed June 3, 1910.

WHEELER, SILBER & ISAACS, for appellants; FREDERICK D. SILBER, of counsel.

JACOB C. LEBOSKY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff, Hannah Johnson, brought this action in case against Abram Lamm and Joseph C. Lamm for the recovery of damages for an assault made by the Lamms jointly upon the plaintiff about November 25, 1904. The defendants filed a plea of the general issue. Upon these pleadings the case went to trial. At the close of the plaintiff's evidence, the defendants moved to exclude the evidence of the assault on the ground that it did not support the declaration, because it did not show any joint assault, or any assault by defendant Joseph C. Lamm. The trial court agreed with defendants' attorneys and asked plaintiff's attorney what he desired to do with the declaration, if anything. Plaintiff's attorney thereupon asked leave to amend the declaration by striking out the name of Joseph C. Lamm and dismissing the cause as to him. The court permitted the amendment, and

thereupon the cause proceeded as against the defendant Abram Lamm. The plaintiff subsequently filed an amended declaration against the defendant Abram Lamm. The trial resulted in a judgment in favor of the plaintiff for three hundred dollars, from which this appeal is prosecuted.

The plaintiff on November 23, 1908, filed a motion in this court to strike the bill of exceptions from the record on the ground that the trial judge signed and sealed the same at Macomb, Illinois, and that he had no power so to do. This motion was reserved and taken with the case. The bill of exceptions shows on its face that it was lawfully and properly signed and sealed, and no affidavits can be received to impeach either the recitals of the bill of exceptions or the presumptions arising from such recitals. Holland v. The People, 132 Ill. App. 449; Linderman v. Thompson, 127 id. 134; Supreme Foresters v. Knowles, 113 id. 641; Rosenbom v. Renk, 121 id. 226; City of Chicago v. South Park Commissioners, 169 Ill. 387. The motion must be overruled.

After the judgment term had expired, and after the record was filed in this court, the record was amended in the Circuit Court on due notice, and an additional and supplemental record was filed in this court showing the amendments. It is urged that the amendments were made without any basis therefor, and that there was unnecessary delay in making application for the amendments. Upon a careful consideration of the amendments and the findings of the court upon which the court acted in making the amendments, we think they were properly made, and are properly in the record before us, and therefore cannot be disregarded by the court in the consideration of the cause. The most serious matter pointed out is that the suit was begun against two defendants and that on the record as originally made up the court proceeded to judgment in the case without any discontinuance of record as to Joseph C. Lamm. In our opinion, however, the granting of leave by the court to discontinue the cause as against Joseph C. Lamm, one of the defendants, followed by the filing of an amended declaration by leave of court against

the other defendant only, worked a discontinuance as to Joseph C. Lamm in legal effect.

We think the demurrer was properly sustained to the plea of the Statute of Limitations filed to the amended declaration.

It is urged that the court committed error in permitting a detailed examination of Abram Lamm by the plaintiff with regard to his wealth and property. We think the court allowed the examination to be carried to the utmost limit of a proper examination on that subject, but, the defendant, when asked, "How much are you worth?" answered, "I haven't any idea. I am not mad now. I don't know how much I am worth." Unless the court had permitted the examination which followed as to whether the defendant owned his home and where it was, and what he paid for it, and what his interest was in the firm of which he was a member, the jury would not have had any basis of knowledge as to what the defendant was worth. We find no reversible error in the rulings of the court in the examination. The defendant by his answer made the examination necessary, and he can not now complain on that ground.

It is contended that the verdict and judgment are excessive. The plaintiff's evidence tends to show that plaintiff and two other girls alighted from a street car and were passing the defendant's place of business on Adams street in Chicago. The defendant rushed out of the building. "He grabbed me by the arm. He grabbed me real tight and gave me a shove and said, 'God damn you! I will break your God damn neck if I see you here again.' He threw me out into the street and I went pretty swift. * * * I was about the middle of the sidewalk and I did not stop until I got away out into the street, I guess about a yard from the sidewalk * * * It was a pretty wide sidewalk there, I guess about five or six yards wide." She stated on cross-examination, "I was not injured any more than I was very much humiliated and my arm was sore."

The jury returned a verdict for $500. The court on mo-

tion for a new trial required the plaintiff to remit $200, which being done, judgment was entered for $300.

As said in Chicago & Alton Ry. Co. v. Tracey, 109 Ill. App. 563, where a verdict of $500 was held not excessive: "It was for the jury to assess the damages, and in so doing they might allow for the pain and suffering undergone by him as a result of the blows inflicted, and for the humiliation, indignity, vexation and disgrace put upon him by the conduct of his assailant. C. & N. W. Ry. Co. v. Williams, 55 Ill. 185." We do not regard the amount of the judgment as excessive.

We find no material error in the rulings of the court on the instructions given and refused.

The plaintiff's testimony regarding the assault is supported by the testimony of Cutter and Hilda Lindroth. There is an irreconcilable conflict in the testimony for the respective parties and it was for the jury to determine the issue of fact in the first instance under the instructions of the court. We cannot say from the record that the verdict is manifestly against the weight of the evidence.

The judgment of the Circuit Court is affirmed.

*Affirmed.*